Jimmie NELSON, Petitioner,

v.

Harold J. SMITH, Superintendent, Attica Correctional Facility, Attica, New York, and Robert Abrams, Attorney General of the State of New York, Respondents.

No. 83 Civ. 7106 (RJW).

United States District Court, S.D. New York.

Sept. 25, 1985.

Jimmie Nelson, petitioner pro se.

Robert Abrams, Atty. Gen. of New York, New York City, (Melvyn R. Leventhal, Tyrone Mark Powell, Asst. Attys. Gen., of counsel), for respondents.

## OPINION

ROBERT J. WARD, District Judge.

Jimmie Nelson petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order dated March 19, 1984, the case was referred to the Honorable Michael H. Dolinger, United States Magistrate, pursuant to 28 U.S.C. § 636(b)(1) and Rule 4 of the Local Rules for Proceedings Before Magistrates, to hear and report on Nelson's petition. On June 6, 1984, Magistrate Dolinger submitted his Report and Recommendation (the "Report"), in which he recommended that the writ be denied and the instant petition be dismissed. The Court has reviewed the Report and has considered *de novo* those portions of the Report to which petitioner has made timely objection. For the reasons hereinafter stated, the Magistrate's Report and Recommendation are accepted and the instant petition is dismissed.

## BACKGROUND

### A. *Procedural History*

Petitioner challenges a judgment entered on a jury verdict by the Supreme Court of New York, New York County (Edwards, J.) on June 8, 1981. Nelson was convicted on one count of Criminal Possession of a Controlled Substance in the Fourth Degree, *see* N.Y.Penal Law § 220.09, and sentenced as a predicate felon to an indeterminate term of from five to ten years of incarceration. The New York Supreme Court, Appellate Division, First Department, unanimously affirmed without opinion petitioner's conviction on March 30, 1982. On June 22, 1982 the New York Court of Appeals denied leave to appeal.

Nelson filed his first petition for federal habeas corpus relief on July 21, 1982. That petition, which had been assigned to Judge Irving Ben Cooper of this Court, was dismissed for failure to exhaust available state remedies. *Nelson v. Jones*, 82 Civ. 4752 (IBC) (S.D.N.Y. Nov. 29, 1982). Following various proceedings in the Court of Appeals for the Second Circuit, Judge Cooper issued an additional order on November

17, 1983, identifying the particular claims he considered to be unexhausted.

While his habeas corpus petition was pending before Judge Cooper, Nelson also filed a motion in state court to set aside his conviction pursuant to N.Y.Crim.Proc.Law § 440.10. That motion was denied by the New York Supreme Court (Berkman, J.) on May 26, 1983. The Appellate Division of the New York Supreme Court, First Department, denied leave to appeal on August 4, 1983. On August 22, 1983 the New York Court of Appeals dismissed Nelson's application for leave to appeal on the ground that the order of the Appellate Division was not appealable.

The instant petition for a writ of habeas corpus, filed September 28, 1983, originally set forth five grounds for relief. On February 24, 1984, this Court entered an order holding that petitioner had adequately exhausted his available state judicial remedies as to four of the five claims raised in the petition. However, because the Court was unable to ascertain the nature of the claim petitioner sought to raise as the fifth ground of the petition, the Court directed petitioner to file an affidavit clarifying the nature of that claim. The Court subsequently received several affidavits and sworn letters from petitioner purporting to clarify the nature of his fifth claim for relief. The last three of these submissions requested that the Court construe ground five of the petition, which referred to "[i]llegally obtained statements ... use[d] against petitioner at his trial," as a reiteration of petitioner's fourth claim for federal habeas relief. That latter claim alleged that the police officers who had arrested Nelson failed to give him any *Miranda* warnings.

In an order dated March 19, 1984, the Court held that the instant petition would be construed, in accordance with petitioner's expressed wishes, to state four rather than five distinct claims for habeas corpus relief. Moreover, inasmuch as the Court previously had concluded that the first four claims raised in the petition were adequately exhausted, the Court further held that petitioner had exhausted his available state court remedies with regard to the entire petition as it would then be construed. Accordingly, the Court referred the case to Magistrate Dolinger for a report and recommendation on the merits of Nelson's petition.

### B. *Nelson's Claims*

As construed by the Court in its order of March 19, 1984, and as evaluated by Magistrate Dolinger in his Report, the instant petition asserts four separate grounds for federal habeas relief. The first ground raised by petitioner is unlawful search and seizure. Specifically, Nelson claims that the search warrant purportedly describing the apartment in which he was arrested was unconstitutionally ambiguous and inaccurate. *See* Petition at 5. The second ground asserted in the petition is ineffective assistance of counsel at pretrial proceedings and at trial. Nelson faults his counsel in the prior state criminal proceeding in two respects: first, for failing to challenge the probable cause basis for issuance of the search warrant for the apartment in which he was arrested; and second, for not objecting before or during trial to the admission into evidence of statements he made to police without his having been advised of his *Miranda* rights. *See id.* Petitioner's third ground for seeking habeas corpus relief is his allegation that the evidence presented at trial was insufficient to support a guilty verdict. *Id.* at 6. Nelson's fourth contention, as previously noted, is that he was given no *Miranda* warnings upon his arrest, and consequently made self-incriminating statements that were used against him at trial. *Id.*

### C. *Magistrate's Report and Responses*

On June 6, 1984, Magistrate Dolinger filed his Report and Recommendation on Nelson's habeas corpus petition. In the thirty-seven page Report, the Magistrate addressed *seriatim* the four claims for relief raised in the petition. Concluding that none of petitioner's claims possessed merit, the Magistrate recommended that a writ of habeas corpus not issue and that the instant petition be dismissed. Report at 36.

In conformity with the local rules of procedure, copies of the Report were mailed to the parties at the time the Report was filed. *See* Rule 7, Local Rules for Proceedings Before Magistrates ("Local Rules"). In a sworn submission filed June 27, 1984, petitioner informed the Court that he had recently been transferred to another correctional facility, and that therefore he had only received a copy of the Report on June 14, 1984. In his submission, entitled "Petitioner's Answer in Respond [sic] to Magistrate Report and Recommendation" ("Petitioner's Answer"), Nelson reiterated certain of the claims raised in the instant habeas petition and made reference at points to the Magistrate's Report. The Court therefore construed this submission to constitute petitioner's written objections to the Magistrate's Report and, under the circumstances, deemed these written objections to have been timely filed within the meaning of 28 U.S.C. § 636(b)(1), Rule 72(b), Fed.R.Civ.P., and Local Rule 7.[1]

Some weeks later, the Court received from petitioner another sworn submission, entitled "Petitioner's Supplemental Objection to Magistrate's Report and Recommendation" ("Petitioner's Supplemental Objection"). This second submission, which was filed July 9, 1984, appeared merely to attempt to clarify one of the points raised in Petitioner's Answer. In view of petitioner's *pro se* status, the Court accepted this submission as a supplemental objection to the Magistrate's Report and deemed it likewise to have been timely filed.[2] Thereafter, respondents requested additional time to respond to petitioner's objections to

the Report. By order dated August 9, 1984, respondents' time to file a response to petitioner's objections was extended. Respondents subsequently served and filed a memorandum of law ("Respondents' Response").

## DISCUSSION

■ To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record. *See* Rule 72, Fed.R.Civ.P., Notes of Advisory Committee on Rules (citing *Campbell v. United States District Court,* 501 F.2d 196, 206 (9th Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974)). However, when timely objection has been made to a portion or portions of a magistrate's report, the district judge must "make a de novo determination ... of any portion of the magistrate's disposition to which specific written objection has been made...." Rule 72(b), Fed.R.Civ.P.; *see also* 28 U.S.C. § 636(b)(1). The judge may then accept, reject or modify, in whole or in part, the magistrate's proposed findings and recommendations. 28 U.S.C. § 636(b)(1).

■ A district court's obligation to make a *de novo* determination of properly contested portions of a magistrate's report does not require that the judge conduct a *de novo* hearing on the matter. *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980). It is sufficient that the district court "arrive

---

**1.** 28 U.S.C. § 636(b)(1) provides that, upon the filing of a magistrate's proposed findings and recommendations, and upon the mailing of copies of the magistrate's report to all parties, "any party may serve and file written objections ... as provided by rules of court." Rule 72(b) of the Federal Rules of Civil Procedure specifies that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." The rule further provides that "[a] party may respond to another party's objections within 10 days after being served with a copy thereof." Local Rule 7 clarifies that the ten day period

within which to serve and file written objections to a magistrate's report extends from the date of the magistrate's mailing of the report to the objecting party.

**2.** The Court has since received numerous additional submissions from petitioner. However, because the period for filing objections to the Report has long since expired, and because none of petitioner's subsequent submissions makes specific objection to the Magistrate's proposed findings, the Court has not considered these additional communications in its appraisal of the Report.

at its own, independent conclusion about those portions of the magistrate's report to which objection is made...." *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir.1983). To this end, the court must "exercise ... sound judicial discretion with respect to whether reliance should be placed on [the magistrate's] findings." *American Express Int'l Banking Corp. v. Sabet,* 512 F.Supp. 472, 473 (S.D.N.Y.1981), *aff'd,* 697 F.2d 287 (2d Cir.1982).

As the Court indicated above, petitioner in the instant case has filed two submissions that the Court deems to contain timely written objections to the Magistrate's Report. To the extent petitioner's objections are specifically directed to one or more portions of the Report, therefore, the Court must make a *de novo* determination of the matter(s) underlying such objections. *See* Rule 72(b), Fed.R.Civ.P.; Local Rule 7. However, those portions of the Report to which petitioner has not specifically objected will be adopted by the Court absent a finding of "clear error" on the face of the record. *See* Rule 72(b), Fed.R.Civ.P., Notes of Advisory Committee on Rules.

As will be elaborated below, petitioner's written responses to the Report in fact raise few specific objections to the Magistrate's proposed findings. Rather, Nelson's "objections" consist in large part of restatements of the claims he had raised in the habeas corpus petition itself. In the interest of clarity, however, the Court will consider in turn the four grounds raised in the instant petition, and will examine first the Magistrate's proposed findings and then petitioner's objections thereto.

### A. Search and Seizure Claim

With regard to petitioner's Fourth Amendment claim—that the search warrant issued for the apartment in which he ultimately was arrested was defective on its face—the Magistrate concluded that Nelson had been given the opportunity to fully and fairly litigate this Fourth Amendment issue in the New York courts, and that therefore federal habeas relief was barred under the doctrine of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Moreover, the Magistrate opined, petitioner's search-and-seizure [3] claim lacked merit because the search warrant at issue had been adequate on its face in describing the apartment to be searched. Report at 15–16.

Petitioner's responses to the Report raise no explicit objection to the Magistrate's proposed finding of a *Stone v. Powell* bar. Rather, in his submission filed on June 27, 1984, petitioner simply restates his claim that the search warrant issued for the apartment in which he was arrested was facially defective. Petitioner's Answer at 2–3. Specifically, Nelson reiterates the argument that the warrant so inadequately described the apartment to be searched that the police officers who executed the warrant could only have located it by relying on information not contained in the warrant itself. *Id.*[4]

---

**3.** The articles seized pursuant to the search warrant on August 21, 1980, and which petitioner sought to suppress from admission into evidence at a pretrial hearing, included a plastic bag and a tinfoil packet containing cocaine, a glassine envelope found to contain two grains of heroin, several metal strainers and metal and plastic measuring spoons, miscellaneous papers, and United States currency.

**4.** This information, petitioner asserts in his response to the Magistrate's Report, was provided by one "Detective Mishar" from "two mysterious informant[s] of ill ... reputation [,] one J.D. Tony and J.D. Norman." Petitioner's Answer at 2–3. As the Magistrate notes in his Report, the search warrant was issued in reliance on an affidavit supplied by Detective Stephan Mshar, who had made that application based upon in-

formation he stated he had received from a "reliable informant." Report at 6; *see also* Appendix to Petition (containing copy of Search Warrant No. 185, Special Narcotics Court, New York County, issued August 20, 1980).

Officer Zerbo, one of the police officers who executed the warrant and arrested Nelson, testified at petitioner's pretrial suppression hearing that the detective who had procured the warrant gave the executing officers instructions as to how to locate the apartment to be searched. Suppression Hearing Transcript ("S.H. Tr.") at 23–24. Therefore, petitioner is correct insofar as he asserts that the officers who executed the search warrant located the apartment on the basis of information supplied by Detective Mshar. To what extent the officers may have relied on oral or written directions from Mshar

■ Having reviewed the record in its entirety, the Court concludes that it cannot properly reach the merits of petitioner's "defective warrant" claim because that claim is barred under the doctrine of *Stone v. Powell.* As the Magistrate correctly found in his Report, petitioner was provided the opportunity to fully and fairly litigate that Fourth Amendment claim in the New York courts. Indeed, as the Report makes clear, petitioner challenged the adequacy of the search warrant's description of the apartment to be searched, not only at the suppression hearing before trial, but on appeal both to the Appellate Division of the New York Supreme Court and to the New York Court of Appeals. Report at 15.

In *Stone v. Powell,* the United States Supreme Court held that "the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial," so long as "the State has provided an opportunity for full and fair litigation of [the] Fourth Amendment claim." 428 U.S. at 482, 96 S.Ct. at 3046. In the instant case, petitioner not only had the opportunity to litigate the merits of his "defective warrant" claim in the state courts, but in fact litigated that claim both at trial and on appeal. It is therefore beyond question that under *Stone v. Powell,* this Court is precluded from reviewing the merits of petitioner's "defective warrant" claim. On this ground, the Court accepts the recommendation of the Magistrate that Nelson's first claim for federal habeas relief be dismissed.[5]

---

beyond the identifying information contained in the affidavit supplied to the Special Narcotics Court is less clear. This issue is irrelevant, however, in view of the Court's determination *infra* that Nelson's Fourth Amendment claim is barred under the doctrine of *Stone v. Powell, supra.*

With regard to the "two mysterious informant[s] of ill ... reputation" to whom Nelson alludes, the Court can only surmise that petitioner is confused. The affidavit supplied by Detective Mshar to the Special Narcotics Court refers to "one J.D. Tony" and "one J.D. Norman," but it identifies them, not as informants, but as the "John Does" who had been observed on three occasions in the apartment in question in possession of various quantities of heroin and cocaine. Appendix to Petition (containing Affidavit of Detective Stephan Mshar, dated Aug. 20, 1980).

5. In his original response to the Magistrate's Report, Nelson also alludes to "false information" allegedly supplied by Detective Mshar to the Special Narcotics Court in his application for a search warrant. The "false information" to which petitioner refers would appear to be that supplied to Mshar by the informant who had reported observing drug activity on three occasions in the apartment in question. *See* Petitioner's Answer at 3. The informant's report was false, Nelson argues, because "it is well establish[ed] that petitioner was in South Carolina whereas [sic] he was given a speeding [ticket] entitled 'warnning' [sic] on August 12, 1980." *Id.* Because his attorney was aware of "this information" at the time of the suppression hearing and "refused to use this information" on his behalf, Nelson contends, he "was not provided an opportunity for a full and fair litigation of a Fourth Amendment claim." *Id.* Pe-

titioner's allegations must be rejected for several reasons.

For one, the "false information" claim petitioner injects into his response to the Magistrate's Report is not one of the grounds for relief stated in Nelson's habeas corpus petition. The sole Fourth Amendment claim raised in the petition, which was preliminarily reviewed by this Court and reported on by the Magistrate, is the claim, discussed *supra,* of insufficient particularity on the face of the search warrant for the apartment in which Nelson was arrested. Petitioner's "false information" theory was raised neither in the original petition nor by a proper amendment of the petition, *see* Rule 15(a), Fed.R.Civ.P. Consequently, this Court had no occasion to make a preliminary finding as to whether Nelson had adequately exhausted his state remedies with regard to that claim, nor did the Magistrate have occasion to evaluate the merit of such a claim before filing his Report. Because petitioner failed to raise a "false information" claim in his original petition, and has never sought leave to amend the petition to assert such a claim for habeas relief, the claim is not properly before this Court, and therefore provides no basis for challenging the Magistrate's proposed findings on the Fourth Amendment claim that is raised in the instant petition.

Moreover, no purpose would be served by permitting petitioner to amend his petition at this late date to raise a Fourth Amendment claim of "false information." In the form in which it is presented in Nelson's first set of objections to the Magistrate's Report, the claim of "false information" would be procedurally barred in one, if not two, respects. First, the claim appears plainly barred under the doctrine of *Stone v. Powell, supra.* As the Magistrate accurately noted in his Report, New York provides statu-

### B. Ineffective Assistance of Counsel Claim

In addressing petitioner's Sixth Amendment claim of ineffective assistance of counsel, the Magistrate evaluated separately petitioner's two allegations of attorney error, applying to each the standard enunciated recently by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With regard to petitioner's charge that counsel should have challenged the probable cause basis for issuing the search warrant that eventually led to Nelson's arrest, the Magistrate concluded that counsel had not erred in failing to challenge the basis for issuing the warrant. Report at 21–23. As to counsel's purported error in failing to object to the admission of statements made by petitioner to police without benefit of a prior *Miranda* warning, the Magistrate agreed that counsel could properly have objected to the introduction of such statements. Nevertheless, the Magistrate concluded, counsel's failure to attempt to exclude the statements had not prejudiced

petitioner, and federal habeas relief therefore was unwarranted. Report at 24–27.

Petitioner makes no specific objection to the Magistrate's proposed findings with regard to his claim of inadequate counsel. Rather, in his original response to the Magistrate's Report, Nelson reiterates the two prongs of his claim as noted above. *See* Petitioner's Answer at 3–4. Having reviewed the record of the prior criminal proceeding in light of the Magistrate's thorough analysis of petitioner's Sixth Amendment claim, *see* Report at 17–27, the Court concludes that the Magistrate's proposed findings should be accepted in their entirety.

Under the standard articulated by the United States Supreme Court in *Strickland v. Washington, supra,* petitioner must make a two-part showing to prevail on his claim of ineffective assistance of counsel. Nelson must establish, first, that his trial attorney's conduct was so deficient that he was denied "reasonably effective assistance" as measured by "prevailing

---

tory remedies at both the trial and appellate levels through which a criminal defendant may present a claim of Fourth Amendment violation to the state courts. Report at 15. Having been provided the opportunity to fully and fairly raise his "false information" claim before the New York courts, petitioner would now be precluded from asserting such a claim before this Court. *See Stone v. Powell, supra,* 428 U.S. at 482, 96 S.Ct. at 3046; *McPhail v. Warden, Attica Correctional Facility,* 707 F.2d 67, 69 (2d Cir. 1983).

Second, it is by no means clear that the claim has yet been adequately presented to the New York courts so as to fulfill the exhaustion requirement of 28 U.S.C. § 2254(b). In his motion to vacate sentence pursuant to N.Y.Crim. Proc.Law § 440.10, filed in the New York Supreme Court, New York County, Nelson made reference to "a false affidavit submitted . . . for the search warrant, which affidavit was fraudulant [sic]." Affidavit in Support of Motion to Vacate Judgment at 2, *People v. Nelson,* Indictment No. 4068/80 (N.Y.Sup.Ct., N.Y. County) (filed Feb. 25, 1983). However, this allegation was made in the context of a Sixth Amendment claim of ineffective assistance of counsel, in which Nelson charged that his trial attorney had conspired with the prosecutor to deprive him of his constitutional rights. Moreover, Nelson did not include in that motion the specific factual allegations he now raises in his response to the

Magistrate's Report. Thus, it appears doubtful that petitioner "informed the state court of both the factual and the legal premises of the ['false information'] claim" he now raises here, so as to have fairly presented that federal claim to the state courts. *See Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982) (*en banc*), cert. denied, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

Finally, leave to amend the petition would be unwarranted because Nelson's "false information" theory is frivolous on its face. The theory turns upon Nelson's contention that the affidavit submitted by Detective Mshar to the Special Narcotics Court stated that Nelson had been observed on August 12, 1980 in the apartment Mshar proposed to search. On that day, Nelson insists, he was in South Carolina, as evidenced by a speeding ticket he received. Petitioner's Answer at 3. That ticket, seized by police along with other of Nelson's personal effects at the time of his arrest, was admitted into evidence at trial. Trial Transcript ("Tr. Tr.") at 72. However, as indicated *supra* at note 4, Mshar's affidavit identifies the individuals who had been observed in the apartment only as "John Does." Nelson's name appears nowhere on the affidavit. Therefore, the information contained in the affidavit is entirely consistent with Nelson's assertion that he was in South Carolina on August 12, 1980, and petitioner's "false information" claim must fail.

professional norms," 104 S.Ct. at 2064–65, and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 2068. Furthermore, if petitioner cannot make an adequate showing of actual prejudice to satisfy the second prong of the *Strickland* test, this Court need not even inquire into the adequacy of counsel's conduct. *See id.* at 2069–70.

■ The Court concurs fully with the Magistrate that petitioner has not made the necessary showing under *Strickland* for either of his allegations of attorney error. As to the first alleged error, the Court agrees with the Magistrate that defense counsel's failure to challenge the probable cause basis for issuing the search warrant was not unreasonable when measured by prevailing professional norms. *See* Report at 21–23. Because petitioner has failed to establish the first prong under *Strickland* with regard to this first charge of attorney error, it is unnecessary for the Court to consider, under the second prong of *Strickland,* whether any prejudice flowed to petitioner as a result of counsel's allegedly ineffective assistance.

■ As to Nelson's second claim of attorney error, the Court accepts the Magistrate's proposed finding that, although it is undisputed that defense counsel failed to make an appropriate objection on *Miranda* grounds to the admission at trial of certain of petitioner's statements to police, Nelson was not prejudiced by the admission of such statements. *See* Report at 24–27. The Magistrate aptly noted that Nelson was acquitted of the very charges that would reasonably have been substantiated by the statements admitted into evidence without defense counsel's objection. Furthermore, as the Magistrate found, there was ample evidence, completely apart from Nelson's purported statements to police, from which a jury could have concluded that Nelson had been in possession of the quantity of cocaine for which he ultimately was convicted. Because Nelson has not established that he suffered actual preju-

dice as a result of the admission into evidence of his statements to police, his Sixth Amendment claim must fail under the second prong of *Strickland.* It therefore is unnecessary for the Court to consider the adequacy of defense counsel's conduct under prong one of the *Strickland* test. *See* 104 S.Ct. at 2069–70.

In sum, the Court concurs fully in the Magistrate's evaluation of the Sixth Amendment claims presented in the instant petition. Accordingly, the Court adopts the Magistrate's proposed findings and accepts his recommendation that the second claim raised in the petition be dismissed.

### C. *Sufficiency of Evidence Claim*

The Magistrate disposed quickly of petitioner's third claim, that the evidence adduced at trial had been insufficient as a matter of law to sustain petitioner's conviction. Characterizing this claim as "frivolous," the Magistrate concluded that a rational factfinder could "very justifiably" have found petitioner guilty of the count on which he was convicted. Report at 27–28.

Petitioner objects to two aspects of the Magistrate's proposed findings relevant to this third habeas corpus claim. His objections merit little discussion. First, Nelson questions "how the Magistrate could conclude that the white powder found on petitioner's hand was contraband...." Petitioner's Answer at 9. The response to petitioner's objection is simple. The Magistrate made no such finding. Rather, he concluded that a rational factfinder *could* justifiably have connected the white powder observed by police on petitioner's hands and around the toilet area in the bathroom where he was arrested, with the bag of white powder police discovered behind the toilet and later determined to be cocaine. *See* Report at 27–28. The Court agrees.

■ Second, petitioner argues that his "presence in the bathroom, in light of the hidden location of the cocaine[,] is merely circumstantial evidence of guilt...." Petitioner's Answer at 9. However, the Magistrate's recommended finding—that the evidence presented at trial was plainly ade-

quate to support Nelson's conviction—is entirely consistent with this assertion. Evidence, even if circumstantial in nature, may support a conviction consistent with federal constitutional guarantees if *"any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original); *see also United States v. Torres,* 740 F.2d 122, 126 (2d Cir.1984), *cert. denied,* ——— U.S. ———, 105 S.Ct. 2117, 85 L.Ed. 482 (1985). Put differently, a petitioner who raises a claim for habeas relief such as that proffered here will succeed only "if it is found that upon the record evidence adduced at the trial *no* rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324, 99 S.Ct. at 2791–92 (emphasis added).

 Having reviewed the record of petitioner's state criminal trial, the Court concurs with the Magistrate that there was sufficient evidence presented from which a rational jury member could conclude that petitioner was in constructive possession of the bag of cocaine found in the bathroom where he was arrested. Accordingly, the Court adopts the Magistrate's proposed finding that petitioner's third claim for habeas corpus relief is unmeritorious and accepts his recommendation that the claim be dismissed.

### D. *Miranda Claim*

To assess petitioner's fourth and final claim, that police officers failed to give Nelson a *Miranda* warning at the time of his arrest, and that certain of those officers were permitted to testify to statements Nelson allegedly made to them at that time, the Magistrate proceeded in two stages. First, he considered the *Miranda* claim in light of the doctrine of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Under *Wainwright,* the Magistrate proposed a finding that petitioner had procedurally defaulted on his *Miranda* claim by failing to raise the claim either in a pretrial motion or at trial. Be-

cause petitioner could establish neither "cause" for the default nor "actual prejudice" resulting from the admission into evidence at trial of his statements to police, the Magistrate concluded, this Court would be barred under *Wainwright* from reaching the merits of Nelson's *Miranda* claim. Report at 35. Second, the Magistrate considered briefly the substance of petitioner's *Miranda* objection. He opined that, even if this Court were to determine that it could properly reach the merits of the *Miranda* claim, petitioner would not prevail because the admission of his statements at trial had been, at most, harmless error. *Id.*

Petitioner raises three objections to the Magistrate's proposed findings. First, Nelson charges the Magistrate with erroneously concluding that a *Miranda* warning had indeed been given at the time of petitioner's arrest. Petitioner's Answer at 5 & 9. Second, Nelson challenges the Magistrate's proposed finding that the *Miranda* claim is barred under *Wainwright v. Sykes* because of petitioner's failure to raise the claim at or before trial. *See id.* at 10; *see also* Petitioner's Supplemental Objection at 3. Finally, Nelson objects to the Magistrate's alternative proposed holding—that the admission at trial of petitioner's statements to police was harmless error—on the ground that the statements were "highly relevant." Petitioner's Answer at 7; *see also* Petitioner's Supplemental Objection at 2. The Court will examine these points in turn.

#### 1. The Giving of a *Miranda* Warning

Petitioner's first objection requires little comment. The Court has carefully reviewed the Magistrate's Report, and finds *no* "conclusion" stated therein to the effect that petitioner was given a *Miranda* warning by arresting officers. The Report refers at one point to the testimony of one of the officers who had questioned Nelson at the time of arrest. However, as the Report accurately recounts, the officer testified that he had *not* administered a *Miranda* warning to petitioner before questioning him. Report at 9; *see also* Tr. Tr. at 25.

Petitioner's objection, therefore, is simply unfounded and must be dismissed.

### 2. Procedural Default

Petitioner's second objection, to the Magistrate's proposed finding of procedural default under *Wainwright v. Sykes,* requires more extended discussion. The objection appears two-pronged. At one point, Nelson argues that he cannot be deemed to have defaulted because this Court previously held that he had exhausted his available state court remedies with respect to his *Miranda* claim. *See* Petitioner's Answer at 10. Elsewhere, Nelson contends that the Magistrate could not "create nor rule on a procedural default defense" where no such defense was raised by the state on direct appeal nor in opposition to petitioner's motion to vacate sentence. Petitioner's Supplemental Objection at 3. The Court will consider these branches of Nelson's "procedural default" objection separately.

### a. Procedural Default Distinguished from Exhaustion of State Remedies

■ Petitioner's contention that he cannot be held to have procedurally defaulted on his *Miranda* claim when he has already been held to have exhausted available state judicial remedies regarding that claim is understandable but erroneous. There is no logical inconsistency between a finding of *exhaustion* and a finding of *procedural default* on the same federal habeas claim. While both determinations are grounded in principles of comity and federalism, they arise from completely different inquiries into the events that transpired in the earlier state criminal proceeding.

■ The rule that a state prisoner seeking federal habeas review of his conviction must first exhaust available state remedies, now codified in the federal habeas corpus statute itself,[6] requires the state prisoner to "fairly present[ ] his federal claim to the state courts" in order to give them "a fair opportunity to pass upon [the] claim." *Daye v. Attorney General, supra,* 696 F.2d at 191. To determine whether the exhaustion requirement has been met with regard to a particular *habeas corpus* claim, the district court must direct its attention to the particular post-conviction remedies the petitioner has pursued in the state courts, and to the specific claims petitioner raised by way of such proceedings. In contrast, the doctrine of *Wainwright v. Sykes* requires the district court to determine whether the petitioner complied initially with the state's procedures for properly raising his constitutional objections before or during trial. If the court finds that the petitioner failed to make a contemporaneous objection as required by state law, and that the state appellate court refused to consider the merits of the prisoner's claim for that reason, the district court must deem the petitioner's claim to have been adjudicated on independent state law grounds. *See Wainwright v. Sykes, supra,* 433 U.S. at 87, 97 S.Ct. at 2506. Absent a showing by the petitioner of both "cause" for the default and "prejudice" resulting from the alleged constitutional violation, the district court is thereafter precluded under *Wainwright* from considering the merits of petitioner's federal claim. *See id.*

■ In the instant case, the Court previously determined that Nelson had met the exhaustion requirement with regard to his claim of a *Miranda* violation by presenting that issue to the New York courts by way of a motion to vacate his conviction pursuant to N.Y.Crim.Proc.Law § 440.10. *See* Order (dated Feb. 24, 1984).

---

**6.** The statute provides in relevant part:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b) & (c).

However, as petitioner himself concedes, his attorney did not make an appropriate objection before or during trial on *Miranda* grounds to the admission into evidence of Nelson's statements to police. Petitioner's Answer at 4. In his Report, the Magistrate opined that the attorney's failure to move to suppress those statements before trial, or to object to their admission at trial, would have precluded Nelson, under New York's contemporaneous objection requirement, from litigating a *Miranda* claim for the first time on direct appeal of his conviction. Report at 29–30. *See also* N.Y.Crim. Proc.Law § 710.20 *et seq.; People v. Newman,* 85 Misc.2d 761, 382 N.Y.S.2d 227 (App.Term, 1st Dep't 1976). Therefore, the Magistrate concluded, defense counsel's failure to make an appropriate objection to the admission of Nelson's statements at trial constituted a state procedural default or waiver within the meaning of *Wainwright v. Sykes, supra,* 433 U.S. at 87, 97 S.Ct. at 2506. The Court agrees, and therefore rejects petitioner's first attack on the Magistrate's proposed finding of procedural default under *Wainwright.*

b. Interpreting the State Court's Silence

The second branch of Nelson's "procedural default" objection may be read to assert that, notwithstanding petitioner's failure to make an appropriate *Miranda* objection at trial, the Magistrate—and, presumably, this Court—cannot deem petitioner to have procedurally waived that *Miranda* claim because the state did not raise the issue of waiver either on the direct appeal of Nelson's conviction or in opposition to Nelson's motion to vacate sentence. Petitioner's contention possesses some merit. Nonetheless, the Court concludes that, on the circumstances of this case, the Magistrate's proposed finding should be accepted.

As the Magistrate noted in his Report, the determination by a federal habeas court that a procedural waiver has occurred does not in itself trigger application of the *Wainwright* rule. To invoke the doctrine of *Wainwright v. Sykes,* the dis-

trict court must further determine that the state courts actually refused to reach the merits of the state prisoner's claim (presented either on direct appeal or by way of a motion for post-conviction relief) because of the prisoner's procedural default. *See* Report at 30; *see also Klein v. Harris,* 667 F.2d 274, 285 (2d Cir.1981). Where a New York appellate court has affirmed a conviction without opinion, or without addressing all of the points raised on appeal, the federal courts of this circuit have frequently turned to the arguments briefed by the parties on appeal for clues as to the likely ground for the state court's affirmance. *See, e.g., Edwards v. Jones,* 720 F.2d 751, 754 (2d Cir.1983); *Johnson v. Harris,* 682 F.2d 49, 51 (2d Cir.1982), *cert. denied,* 459 U.S. 1041, 103 S.Ct. 457, 74 L.Ed.2d 609 (1982); *Martinez v. Harris,* 675 F.2d 51, 54 (2d Cir.1982), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982); *see also Stepney v. Lopes,* 760 F.2d 40, 44 (2d Cir.1985). However, the goal of a district court's inquiry under *Wainwright* is still to determine the *basis* of the state court's decision. Thus, although the issues briefed and argued by the parties to a New York court may prove instructive in some circumstances, they are not in themselves determinative of the issue of procedural default under *Wainwright.*

With this background, the Court rejects as a general proposition petitioner's contention that, because the state never raised the issue of procedural default on Nelson's *Miranda* claim before the New York courts, such a procedural default cannot be deemed to have taken place. Rather, the Court must determine whether, under all the circumstances, it appears likely that the New York courts rejected petitioner's *Miranda* claim on procedural grounds or on the merits. If it is the former case, the *Wainwright* doctrine applies and the Court cannot properly consider the merits of Nelson's claim absent a showing of "cause" and "prejudice." If it is the latter case, of course, no *Wainwright* bar exists and the Court may reach the merits without hesitation.

As previously noted, petitioner raised the claim of a *Miranda* violation in the New York courts, not on direct appeal of his conviction, but in a subsequent motion to vacate the conviction pursuant to N.Y. Crim.Proc.Law § 440.10. The New York Supreme Court ultimately denied petitioner's motion in a memorandum decision. *People v. Nelson,* Indictment No. 4068/80 (N.Y.S.Ct., N.Y. County May 26, 1983) (Berkman, J.). However, that decision does not expressly refer to petitioner's *Miranda* claim.[7] Thus, this Court is faced with the task of construing the state court's silence to determine whether that court's disposition of the *Miranda* claim was on procedural grounds or on the merits.

This Court alluded earlier to cases in which courts of this circuit have construed summary decisions of the New York appellate courts by drawing inferences from the arguments raised by the parties on appeal. The principles employed to interpret the silence of a state court under these circumstances were originally articulated by the Second Circuit Court of Appeals in *Martinez v. Harris, supra,* and have recently been restated by the circuit court as follows:

> when (a) the defendant has failed to follow prescribed state procedures in the trial court to raise a constitutional issue, (b) he thereafter attempts to raise the constitutional issue on appeal to the state appellate court, (c) the State objects to his raising the constitutional question because of the failure properly to preserve the question for appellate review, and (d) the state appellate court affirms the defendant's conviction without stating whether it has rejected the constitutional claim on its merits or on the ground of procedural default, the federal habeas corpus court should normally interpret the state appellate court's ruling as one based on the procedural default.

*Stepney v. Lopes, supra,* at 44 (citing *Martinez v. Harris, supra,* 675 F.2d at 54–55).

In the instant case, the Magistrate correctly observed that the principles established in *Martinez v. Harris* provide little guidance, because the record indicates that no papers ever were filed by the state in opposition to Nelson's § 440.10 motion. Thus, the state presented the New York court with no arguments, either of procedural waiver *or* on the merits, to which this Court could apply the presumptions set forth in *Martinez.* However, the Court may nonetheless draw inferences as to the likely basis for the state court's rejection of

---

7. As this Court remarked in its previous order ruling upon petitioner's exhaustion of state remedies, the presentation of Nelson's *Miranda* claim to the New York courts in his motion to vacate was "hardly a model of clarity." Order at n. 1 (dated Feb. 24, 1984). Nonetheless, Nelson did assert in the motion that certain of his statements were admitted into evidence notwithstanding the failure of police to give him any *Miranda* warning. Affidavit of Jimmie Nelson in Support of Motion to Vacate Judgment at 2 & 3, *People v. Nelson, supra.* Further, Nelson averred, his trial counsel had failed to object to the admission of those statements, although the statements could have been suppressed, he argued, "as violation of the fifth and sixth amendments." *Id.* at 2. In the same § 440.10 application, Nelson also charged the prosecutor and defense counsel with having conspired to deprive him of his rights through use of a fraudulently obtained search warrant and perjured testimony at trial. Moreover, Nelson contended, his attorney's "fraud, perjured, impartial, and disinterested advice" had rendered the "proceeding [a] farce and mockery of justice." *Id.* at 2–3.

In denying petitioner's motion, Justice Berkman dismissed Nelson's "various charges" of misconduct by defense counsel and the prosecuting attorney as "not merit[ing] discussion." *People v. Nelson, supra,* mem. decision at 1. The "one issue" that in the court's judgment required examination was petitioner's claim that "although he was questioned and made incriminating statements after arrest without being advised of his rights, counsel never moved for suppression of the statements." *Id.* at 2. In his Report, Magistrate Dolinger construed the "one issue" reviewed by Justice Berkman as a claim of ineffective assistance of counsel. The Magistrate's interpretation of the claim is substantiated by the state court's analysis, which focused upon the defense attorney's reasons for not bothering to move to suppress petitioner's statements made to the police. *See id.* at 3. Thus, the one claim upon which the New York court did *not* explicitly rule in denying petitioner's motion to vacate was the *Miranda* claim itself.

petitioner's *Miranda* claim from the particular circumstances of the case.

In this regard, Magistrate Dolinger offers several cogent reasons why the New York Supreme Court should be presumed to have rejected Nelson's *Miranda* claim on procedural grounds. He suggests, first, that Justice Berkman would have been well aware of the contemporaneous objection rule generally in force in New York criminal proceedings. Indeed, this Court concluded in the previous section that New York's contemporaneous objection requirement would apply to *Miranda* claims such as the one Nelson raises here, and further, that Nelson's failure to make an appropriate motion or objection on *Miranda* grounds at trial would have prevented him from successfully raising the issue for the first time on direct appeal. *See supra* at 1196. Second, the Magistrate notes that Nelson himself brought the procedural waiver on his *Miranda* claim to the state court's attention, by highlighting his attorney's failure to make an appropriate *Miranda* objection as the basis for his claim of ineffective assistance of counsel. Finally, the Magistrate reasons that, had Justice Berkman chosen to disregard the procedural default—for example, "in the interest of justice and for good cause shown," *see* N.Y.Crim.Proc.Law § 440.10(3)—she would have addressed the *Miranda* claim directly rather than considering it implicitly in her evaluation of Nelson's claim of ineffective assistance of counsel. Report at 32.

The Court is further persuaded of the soundness of the Magistrate's reasoning by the statutory standards governing motions brought pursuant to N.Y.Crim.Proc. § 440.10. Under the terms of that statute section, a motion to vacate judgment *must* be denied when,

> [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

N.Y.Crim.Proc.Law § 440.10(2)(c). Here, petitioner failed to make an appropriate *Miranda* objection at trial, and likewise failed to raise his *Miranda* claim on direct appeal, although the basis for such a claim appeared plainly on the face of the trial record.[8] Thus, it is reasonable to conclude that Justice Berkman, in passing upon the *Miranda* claim raised in Nelson's § 440.10 motion, recognized that she was statutorily barred from reaching the merits of that claim directly, and so directed her energies instead to Nelson's claim of ineffective assistance of counsel, which implicitly raised the same allegation of constitutional error.

Petitioner's objections to the Magistrate's proposed finding of a state procedural waiver under *Wainwright v. Sykes*, therefore, are rejected. The Court adopts the recommended findings of the Magistrate, that petitioner procedurally defaulted on his *Miranda* claim under applicable New York law, and that for this reason, the New York Supreme Court declined to consider the merits of the *Miranda* claim Nelson raised for the first time in his motion to vacate judgment. Further, the Court accepts the Magistrate's additional conclusions—to which petitioner does not specifically object—that Nelson has demonstrated neither "cause" for the default nor "prejudice" from the alleged *Miranda* violation. *See* Report at 33–35. Under the doctrine of *Wainwright v. Sykes*, therefore, the Court concludes that there existed an adequate independent state ground for the New York court's rejection of petitioner's *Miranda* claim, and that this Court is foreclosed from considering the merits of such a claim on federal habeas review.

---

**8.** Petitioner's arresting officers testified at trial that they had questioned him in the apartment immediately after his arrest. *See, e.g.,* Tr. at 36–37, 57. The one officer queried by defense counsel on cross-examination as to whether he had advised Nelson of his rights testified that he had not. *Id.* at 25.

### c. The Merits of Nelson's *Miranda* Claim

Petitioner's third and final objection to the portion of the Magistrate's Report dealing with his *Miranda* claim relates to the Magistrate's alternative recommendation that the claim be dismissed on the merits. Inasmuch as the Court has determined that the *Wainwright* doctrine precludes it from considering the substance of petitioner's *Miranda* claim, it is unnecessary for the Court to reach the Magistrate's alternative recommendation. Consequently, Nelson's objection to that portion of the Report may be disregarded as moot.[9] For the reasons previously stated, the Court accepts the Magistrate's recommendation that petitioner's fourth ground for federal habeas relief lacks merit and should be dismissed.

### CONCLUSION

The Court has reviewed both the Magistrate's Report and petitioner's written objections, and has examined *de novo* those portions of the record to which Nelson's specific objections pertain. For the reasons set forth above, the Court concurs with the Magistrate that none of the four grounds for federal habeas relief raised in the instant petition has merit. The Court therefore accepts the Magistrate's recommendation that a writ of habeas corpus not issue. Accordingly, the writ is denied and the instant petition is dismissed in its entirety. No certificate of probable cause shall issue pursuant to 28 U.S.C. § 2253 because the Court finds that there are no questions of substance on which the Court of Appeals should rule. Moreover, inasmuch as an appeal from this order would be frivolous, the Court certifies pursuant to the *in forma pauperis* provisions of 28 U.S.C. § 1915(a) that such an appeal would not be taken in good faith.

It is so ordered.

---

9. The Court would note, however, that petitioner's objection is implicitly rejected in the Court's adoption of the Magistrate's proposed findings with regard to the Sixth Amendment claim raised in the petition. *See supra* at 11. In the context of that claim, it will be recalled, the Court accepted the Magistrate's conclusion that Nelson had not been prejudiced by the admission into evidence of his statements to police. The statements had been relevant to charges of constructive possession on which Nelson was *acquitted.* Moreover, in view of the overwhelming evidence of guilt on the charge for which Nelson was convicted, the Court agreed with the Magistrate that it was most unlikely that the exclusion of petitioner's statements from the evidence would have resulted in an acquittal. *See* Report at 26–27.