Jaime **MELENDEZ**, Petitioner,

v.

Joseph **MCCOY**, Superintendent of Cayuga Correctional Facility, Respondent.

No. 99 CIV. 10759(RMB)(DFE).

United States District Court, S.D. New York.

June 6, 2001.

Jaime Melendez, Astoria, NY, for Pro se.

Maria Filipakis, Asst. Attorney General, State of New York, New York City, for Respondent.

## DECISION AND ORDER

BERMAN, District Judge.

### I. Background

Petitioner Jaime Melendez ("Petitioner" or "Melendez") has applied *pro se* for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.[1] In his petition, dated July 27, 1999, Melendez claimed: (1) he was denied the right to a fair trial due to the prosecutor's alleged prejudicial summation; (2) the trial court erred in its *Sandoval*[2] ruling; (3) he was deprived of the right to testify before the grand jury in the state proceedings; and (4) ineffective assistance of trial counsel. In a handwritten document, dated March 6, 2000, Melendez sought to supplement his petition, claiming that: Detective David Warner gave false testimony to the grand jury and to the trial jury; there was no probable cause for his arrest; and there was no legally sufficient evidence before the Grand Jury. On March 1, 2000, Respondent Joseph McCoy, Superintendent of Cayuga Correctional Facility ("Respondent"), filed a Memorandum Of Law In Opposition To Petitioner's Application For A Writ Of Habeas Corpus, arguing that the petition should be dismissed under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because Petitioner had failed to exhaust his state remedies under 28 U.S.C. § 2254.

On April 9, 2001, United States Magistrate Judge Douglas F. Eaton, to whom the matter had been referred, issued a memorandum and order ("Order") in which he provided Petitioner with two options for proceeding in the instant matter, based upon the Magistrate Judge's conclusion that some of Petitioner's claims are unexhausted. (*See* Order at 3). Melendez could state, "I permanently withdraw all grounds from my habeas petition except Grounds One and Two." (Order at 3). Alternatively, Melendez could state, "I wish to dismiss my habeas petition without prejudice while I return to the state courts to exhaust one or more of Grounds Three, Four, Five, Six and Seven." (Order at 3 and 4). On May 15, 2001, Petitioner wrote a letter to Magistrate Eaton in which he stated, "I wish to dismiss my habeas petition without prejudice while I return to the State Courts to exhaust one or more of grounds three, four, five, six and seven."

On May 18, 2001, Magistrate Judge Eaton issued a report and recommendation ("Report") recommending that Melendez's petition be dismissed without prejudice so that he might return to state court to pursue the unexhausted avenues for relief. (Report at 3).[3]

1. On February 27, 1997, after a jury trial, Petitioner was convicted and sentenced for Criminal Sale of a Controlled Substance in the Third Degree, in New York State Supreme Court, New York County. On appeal, Petitioner alleged that (1) the trial court's *Sandoval* ruling was incorrect and an abuse of discretion, and (2) the prosecutor's prejudicial and inflammatory remarks during his summation denied Petitioner his constitutional right to a fair trial. On October 1, 1998, the Appellate Division, First Department, affirmed Petitioner's judgment of conviction. *See People v. Melendez*, 254 A.D.2d 30, 678 N.Y.S.2d 261 (1st Dep't 1998). On December 1, 1998, Petitioner's application for leave to appeal to the New York Court of Appeals was denied. *See People v. Melendez*, 92 N.Y.2d 1035, 707 N.E.2d 455, 684 N.Y.S.2d 500 (1998).

2. *See People v. Sandoval*, 34 N.Y.2d 371, 375, 314 N.E.2d 413, 416, 357 N.Y.S.2d 849, 853 (1974) (In determining the nature and extent of cross-examination of a defendant's prior criminal acts, a court must strike a "balance between the probative value of such proof and the danger of prejudice which it presents to the accused.").

3. **Magistrate Judge Eaton notified Petitioner regarding 28 U.S.C. § 2244(d), which contains a one-year statute of limitations on federal habeas petitions.** Magistrate Judge Eaton's Report explains: "Prior to his July 27, 1999 petition, he (Melendez) used up at least five months of the one-year statute of limitations. The remainder of the one-year period will start running again if he dismisses his petition without prejudice. **The clock will stop running only while his motion is actually pending in the state courts.** *See* **28 U.S.C.**

The Report advises that, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) business days from service of the Report to file written objections. (Report at 3). None of the parties has filed objection to the Report or requested an extension of time. **For the reasons set forth below, the Court adopts the Report in its entirety and dismisses the instant petition for a writ of habeas corpus without prejudice and in accordance with Magistrate Judge Eaton's May 18, 2001 Report.**

## II. Standard of Review

■ This Court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous. *See* Fed.R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Letizia v. Walker,* No. 97 Civ. 0333E, 1998 WL 567840, at *1 (W.D.N.Y. Aug. 27, 1998); *Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991); *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985).

## III. Analysis

The Court has reviewed the underlying record herein, along with the Report and Recommendation, and finds that Magistrate Judge Eaton's Report and Recommendation is neither contrary to law nor clearly erroneous. The Court adopts the Report and Recommendation in its entirety.

## IV. Conclusion

For the reasons set forth above and in the Report, the Court adopts the Report of the Magistrate Judge in its entirety. Accordingly, the Court dismisses, without prejudice, the instant petition for a writ of habeas corpus.

## MEMORANDUM AND ORDER

EATON, United States Magistrate Judge.

The Northern District of New York transferred this *pro se* habeas petition to our Court on October 25, 1999. On December 28, 1999, Judge Berman referred the case to me for a Report and Recommendation. On January 10, 2000, petitioner was paroled, and he has been home ever since. On March 1, 2000, respondent served a declaration and a memorandum of law in opposition to the petition. On March 6, 2000, Melendez served a handwritten document which apparently was written months earlier; it was not a meaningful response to respondent's 3/1/00 papers. Instead, it seems to be an attempt to amend the petition to add new grounds. This document was dated "Dec, 1999" but I will refer to it as the "3/6/00 document" because that is when it was served and filed.

Melendez's 1999 petition stated four grounds: (One) that he was denied the right to a fair trial because of the prosecutor's "prejudicial and inflammatory remarks" during summation; (Two) that the *Sandoval* ruling was erroneous; (Three) that he was deprived of the right to testify before the grand jury under New York Criminal Procedure Law § 190.50; and (Four) that he received constitutionally ineffective assistance from his trial attorney.

One of respondent's arguments is that Grounds Three and Four are unexhausted, and therefore the entire petition should be dismissed as a mixed petition because it contains both exhausted and unexhausted

§ 2244(d)(2). Then it will start running again until he files the second petition in our Court." (Report at 2 and 3) (quoting Order at 4) (emphasis added).

claims. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Melendez had not responded to his *Rose v. Lundy* problem. Instead, he has aggravated the problem by attempting to add some new grounds (also unexhausted). His 3/6/00 document, at ¶¶ 1 to 5, alleges that Detective David Warner gave false statements in the felony complaint to the grand jury and to the trial jury; I will call this Ground Five. His 3/6/00 document, at ¶ 6, alleges that there was no probable cause for his arrest; I will call this Ground Six. His 3/6/00 document, at ¶ 7, alleges that there was no legally sufficient evidence before the grand jury; I will call this Ground Seven.

■ On the present record, it appears that Grounds Three, Four, Five, Six and Seven were never presented to the New York appellate courts and therefore are unexhausted. At page 3, ¶ 11 and page 6, ¶ 12(D) of the petition, Melendez stated that he made a motion pursuant to N.Y.Crim. Proc. Law § 440.10 to the Supreme Court, New York County, and that a copy of his affidavit in support of this motion would be annexed to the petition. In fact, no such affidavit was annexed. Melendez is free to send me a new copy (with a copy to AAG Filipakis). However, a § 440.10 motion will not exhaust any grounds unless it is presented to the Appellate Division after denial in Supreme Court, New York County.

If Melendez still wishes to pursue his habeas petition, then he has two options, and he must make his decision by May 14, 2001, by letter to me (with a copy to AAG Filipakis).

*Option # 1.* Melendez can state, "I permanently withdraw all grounds from my habeas petition except Grounds One and Two."

*Option # 2.* Melendez can state, "I wish to dismiss my habeas petition without prejudice while I return to the state courts to exhaust one or more of Grounds Three, Four, Five, Six and Seven." If he takes those grounds to the state courts, and loses in the Appellate Division, then he can file a new habeas petition in our Court. However, I warn Melendez about 28 U.S.C. § 2244(d), which contains the one-year statute of limitations on federal habeas petitions. (I enclose a copy of § 2244.) Prior to his July 27, 1999 petition, he used up at least five months of the one-year statute of limitations. The remainder of the one-year period will start running again if he dismisses his petition without prejudice. The clock will stop running only while his motion is actually pending in the state courts. See 28 U.S.C. § 2244(d)(2). Then it will start running again until he files the second petition in our Court. (A second petition is normally forbidden, but it is allowed if the first petition was dismissed without prejudice.) *See Walker v. Artuz,* 208 F.3d 357, 360 (2d Cir.2000), *cert. granted in part, Duncan v. Walker,* —— U.S. ——, 121 S.Ct. 480, 148 L.Ed.2d 454 (2000). Thus, if Melendez chooses Option # 2, I would advise him to file his papers in state court as soon as possible.

I direct petitioner to write to me no later than May 14, 2001. His letter must choose between Option # 1 and Option # 2. His letter must also state the date when his parole term will completely end. If I do not receive his letter by May 17, 2001, then I will recommend to Judge Berman that he dismiss the case pursuant to *Rose v. Lundy.*

April 10, 2001.