Jason BLACKETT, Petitioner,

v.

Gail THOMAS, Acting Superintendent Mid–Orange Correctional Facility, and Brion D. Travis, Chairman, New York State Division of Parole, Defendant.

No. 02 CIV. 9258 RMBFM.

United States District Court, S.D. New York.

Aug. 28, 2003.

Jason Blackett, pro se, for plaintiff.

Willa J. Bernstein, Assistant Attorney General, of Counsel, Eliot Spitzer, Attorney General of the State of New York, New York, for Respondents.

### ORDER

BERMAN, District Judge.

## I. Background

On or about November 20, 2002, Petitioner Jason Blackett ("Blackett" or "Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging the July 24, 2002 denial of his parole application by the New York State Parole Board ("Parole Board").[1]  On May 16, 1990, a jury in New York Supreme Court, New York County, convicted Petitioner of two counts of criminal possession of a weapon in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the third degree.  Petitioner filed a notice of appeal of the Parole Board's decision with

the New York State Division of Parole on July 29, 2002, but no ruling appears to have been issued.

In his Petition, Blackett alleges, among other things, that the Parole Board: (1) "violated his right to equal protection of law;" and (2) "violated Petitioner's right to due process of law."  Petition at 1.  Respondents opposed the Petition on or about February 27, 2003, arguing that "Petitioner's due process and equal protection claims are unexhausted and, in any event, they are without merit."  Respondent's Mem. of Law in Opp. to Petition for Writ of Habeas Corpus at 4.  Respondents also assert "petitioner has not demonstrated that his case presents extraordinary circumstances justifying his immediate release.... and his motion for discovery should also be denied."  Respondent's Mem. of Law in Opp. to Petitioner's Motion for Bail and Discovery Pending Habeas Review at 12.

On July 14, 2003, Magistrate Judge Frank Maas, to whom this matter had been referred, issued a thoughtful report and recommendation ("Report"), recommending that the Court deny the Petition on the merits, "thereby rendering [Petitioner's] other motions moot."  Report at 2. Magistrate Judge Maas concluded that Blackett's claims do not entitle him to habeas relief, Report at 5, because Petitioner "was afforded all the due process that the Constitution requires," Report at 7, and "present[ed] no evidence that the denial of his parole application was based on any constitutionally impermissible considerations."  Report at 8.  Magistrate Judge Maas also recommended that a certificate of appealability not issue.  Report at 2.

---

1.  Also on or about November 20, 2002, Petitioner filed motions for bail, discovery, and appointment of counsel in this Court.

The Report advised the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, "if they have objections to this Report and Recommendation, they must, within ten days from today, make them in writing." Report at 10. Petitioner submitted objections on or about July 23, 2003 ("Petitioner's Objections"). **For the reasons set forth below, the Court adopts the Report in all material respects.**

## II. Standard of Review

■ The Court may adopt those portions of a magistrate's report to which no objections have been made and which are not facially erroneous. *See* Fed.R.Civ.P. 72(b); *see, e.g., Letizia v. Walker,* No. 97 Civ. 0333E, 1998 WL 567840, at *1 (W.D.N.Y. Aug. 27, 1998); *Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991); *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). The Court conducts a *de novo* review of those portions of a magistrate's report to which objections have been made. *See, e.g., Letizia,* 1998 WL 567840, at *1; *Pizarro,* 776 F.Supp. at 817. Once objections have been received, a district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate. *See, e.g., DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y. 1988). Where, as here, the petitioner is proceeding *pro se,* "leniency is generally accorded." *Bey v. Human Res. Admin.,* No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan.12, 1999).

## III. Analysis

The facts as set forth in the Report are incorporated herein unless otherwise noted.

The Court has conducted a *de novo* review of the record herein, including, among other things, the Report, Petitioner's Objections, and applicable legal authorities, and concludes that Magistrate Judge Maas's legal and factual determinations are supported by the record and the law in all material respects. In his objections, Petitioner raises substantially the same arguments that were raised before Magistrate Judge Maas. Petitioner's objections do not provide a basis for departing from the Report's recommendations.[2]

### A. *Due Process*

■ Magistrate Judge Maas correctly determined that Petitioner's due process rights were not violated by the Parole Board. *See* Report at 7. "[T]o comply with the dictates of due process, all that the Board must do is (a) afford the inmate an opportunity to be heard and (b) if parole is denied, advise him of the reasons for its decision." Report at 6; *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 15, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Gittens v. Thomas,* No. 02 Civ. 9435, 2003 WL 21277151, at *1 (S.D.N.Y. May 30, 2003). The Parole Board conducted a hearing on July 24, 2002 and considered Petitioner's circumstances, including, without limitation, his prior record, the underlying crimes and conviction, Petitioner's institutional record, and Petitioner's future plans. *See* Report at 7. The Parole Board advised Petitioner of its reasons, including its decision to deny Petitioner's application "based upon Blackett's 'firm

2. As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. *See Pizarro,* 776 F.Supp. at 817. Any

Objections that are not specifically discussed in this Order have been considered and rejected.

commitment to a life of violent crime, beginning with [his] youthful offender adjudication for robbery one' and concluding with the crimes for which he was serving time." Report at 7 (quoting Hearing Transcript at 9); *Brown v. Thomas,* No. 02 Civ. 9257, 2003 WL 941940, at *2 (S.D.N.Y. Mar.10, 2003) ("[W]here the record 'demonstrates that the Parole Board considered the relevant statutory factors, including petitioner's record in prison and postrelease plans, before concluding in its discretion that, due to the serious and violent nature of the crime and petitioner's other violent conduct, petitioner is not an acceptable candidate for release on parole,' reliance on the nature of the inmate's crime to deny parole is entirely consistent with the criteria laid down by the legislature.") (quoting *Thurman v. Hodges,* 292 A.D.2d 872, 739 N.Y.S.2d 324, 324 (4th Dep't 2002)).

### B. *Equal Protection*

■ Magistrate Judge Maas properly determined that Petitioner's equal protection rights were not violated. *See* Report at 8, 9. To prevail on an equal protection claim, a petitioner must prove that: "( [a] ) the person, compared with others similarly situated, was selectively treated; and ( [b] ) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Giordano v. City of New York,* 274 F.3d 740, 750–51 (2d Cir.2001) (quoting *Lisa's Party City, Inc. v. Town of Henrietta,* 185 F.3d 12, 16 (2d Cir.1999)). After reviewing the record, the Court concludes that Petitioner has not shown "that the denial of his parole application was based on any constitutionally impermissible considerations." *See* Report at 8. Rather, Petitioner "claims that his parole denial was the result of 'political pressure' on the part

of Governor Pataki, who has conducted an 'overt and covert campaign to eliminate parole for so called 'violent felony *offenders.*' " *See* Report at 8 (quoting Petition at 6–7).

### C. *Exhaustion of Remedies*

■ Magistrate Judge Maas correctly recommended that, although Petitioner has failed to exhaust his administrative remedies, the Petition should be denied on the merits. *See* Report at 5. "Section 2254(b)(2) of Title 28, United States Code, provides that an application for a writ of habeas corpus may be denied on the merits despite a petitioner's failure to exhaust all of the remedies available to him" if the Court finds, in its discretion, that the petitioner's claims are without merit. Report at 4, *see* 28 U.S.C. § 2254(b)(2); *Gittens,* 2003 WL 21277151, at *1; *Brown,* 2003 WL 941940, at *1. "Since [the] petition can easily be rejected on the merits, requiring submission of that petition to the state courts ... would be a waste of the resources of both the state and federal courts." *Brown,* 2003 WL 941940, at *1.

### D. *Petitioner's Other Motions*

Petitioner's applications for discovery, release on bail, and appointment of counsel are also denied. *See Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir.1989) ("[C]ourts should not grant ... applications [for counsel] indiscriminately," but "should first determine whether the indigent's position was likely to be of substance."); *Ostrer v. United States,* 584 F.2d 594, 596 n. 1 (2d Cir.1978) ("[A] habeas petitioner should be granted bail only in 'unusual cases,' ... or where 'extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.' "); *Defino v. Thomas,* No. 02 Civ. 7413, 2003 WL 40502, at *4 (S.D.N.Y. Jan.2, 2003) ("Habe-

as petitioners ... are not usually entitled to discovery.... a federal judge may permit discovery only for 'good cause shown.'"); *see also Polonio v. United States,* Nos. 94 Cr. 436 and 01 Civ. 11817, 2002 WL 31627978, at *2, *5 (S.D.N.Y. Nov.21, 2002) (finding that writ of habeas corpus should be "denied in all respects ... and all pending motions [are] denied as moot.").

## IV. Conclusion & Order

For the reasons stated herein and therein, the Report [14] is adopted in all material respects. The Petition is denied, and Petitioner's applications for discovery, release on bail, and appointment of counsel are also denied.

The Court does not issue a certificate of appealability because Petitioner "has not made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2); *see United States v. Perez,* 129 F.3d 255, 260 (2d Cir.1997).

The Clerk of Court is respectfully requested to close this case.