THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AARON WARDELL, Appellant.— Judgment, Supreme Court, New York County, rendered November 28, 1972, convicting defendant, after a jury trial, of the crimes of attempted robbery in the second degree, assault in the first degree, assault in the third degree and possession of a weapon as a misdemeanor, and sentencing defendant to indeterminate sentences with a maximum of seven years on the assault in the first degree and attempted robbery in the second degree counts, and one year each on the assault in the third degree and possession of weapon counts (all sentences to run concurrently), unanimously modified, on the law, to the extent of reversing the conviction for assault in the third degree, vacating the concurrent sentence imposed thereon, and dismissing that count of the indictment, and as so modified, the judgment is otherwise affirmed. Assault in the third degree should be considered as an "inclusory concurrent count" of

assault in the first degree (CPL 300.30, subd. 4). A verdict of guilty on the greater of two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted (CPL 300.40, subd. 3, par. [b]). Hence the verdict of guilty on the assault in the first degree count must be deemed a dismissal of the inclusory concurrent count of assault in the third degree, but not an acquittal thereon. Accordingly the conviction as to the count of assault in the third degree must be dismissed. (See *People* v. *Pyles,* 44 A D 2d 784; *People* v. *Ridout,* 46 A D 2d 643; *People* v. *Droz,* 46 A D 2d 751.) We have examined the other points urged by appellant and find them without merit. Concur — McGivern, P. J., Nunez, Steuer and Capozzoli, JJ.