■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN STOKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered May 18, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People, we find that the evidence is sufficient as a matter of law to support the defendant's conviction of the crimes charged (see, People v Lewis, 64 NY2d 1111; People v Conyers, 130 AD2d 677). There is no basis to disturb the jury's determination which credited the identification testimony of the victim and failed to credit the defendant's alibi defense (see, People v Campbell, 123 AD2d 437, lv granted 69 NY2d

878; *People v Gruttola,* 43 NY2d 116; *People v Joyiens,* 39 NY2d 197). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

As there was no objection to any alleged prejudicial testimony by the police officer or the eyewitness, any issue with respect thereto was not preserved for appellate review *(see, People v Nuccie,* 57 NY2d 818). Although a witness is generally not permitted to testify as to an extrajudicial identification of the defendant's photograph *(see, People v Griffin,* 29 NY2d 91), the defendant opened the door for this type of inquiry during his cross-examination of the witnesses *(see, People v Brown,* 62 AD2d 715, *affd* 48 NY2d 921).

The defendant, having failed to object to any part of the prosecutrix's summation or to her cross-examination with respect to an alibi witness's failure to come forward, did not preserve these matters for review *(see, People v Nuccie, supra).* In any event, a new trial is not warranted because of any of the claimed errors in summation or cross-examination *(see, People v Roopchand,* 65 NY2d 837).

Finally, we find that the defendant was not prejudiced by questions regarding the dismissal of a shoplifting charge against one of the alibi witnesses as such questioning was brief and inconsequential in light of all of the evidence adduced in this case *(see generally, People v Roopchand, supra; People v Galloway,* 54 NY2d 396; *People v Smith,* 123 AD2d 798, *lv denied* 69 NY2d 717). Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.