Stephen MOKONE, Petitioner,

v.

Walter KELLY, Superintendent, Attica Correctional Facility, Respondent.

No. 86 Civ. 8538 (MBM).

United States District Court,
S.D. New York.

March 17, 1988.

Harry Blum, Brooklyn, N.Y., for petitioner.

Monica R. Jacobson, Asst. Atty. Gen., New York City, for respondent.

## OPINION AND ORDER

MUKASEY, District Judge.

Stephen Mokone, convicted in May 1980 following a jury trial in the state courts of New York of Assault in the First Degree, New York Penal Law § 120.10(2), in connection with a sulfuric acid attack on Ann Boylan Rogers, his wife's divorce lawyer, that left her blind in one eye and permanently scarred, petitioned in December 1986 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mokone's 128–page brief challenged his conviction on essentially six grounds: insufficiency of the evidence, an impermissible variance between the judge's charge to the jury and the indictment, a legal inconsistency between his co-defendant's acquittal and his conviction, improper use of hypnotically induced testimony, introduction of inadmissible evidence relating to other crimes and bad acts, and denial of a speedy trial. This Court, *per* Hon. Louis L. Stanton, U.S.D.J., referred the petition to Magistrate James C. Francis IV, who filed his Report and Recommendation (the "Report") on August 12, 1987, after which the case was reassigned to me. The Magistrate reviewed petitioner's contentions in detail, and recommended that the writ be denied and the petition dismissed.

In a document styled "Reply to Report & Recommendation," Mokone, through counsel,[1] reasserts in summary fashion all the grounds in his petition, except for the speedy trial claim which he appears to have abandoned. A district court's responsibilities in connection with a Magistrate's report and recommendation in cases such as this are set forth in Rule 72(b) Fed.R.Civ.P. and 28 U.S.C. § 636(b)(1), which permit the court to adopt those parts of the report to which no specific objection is made so long as they are not facially erroneous. *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). When objection is made, the court must make a *de novo* determination as to those parts objected to. Here it bears emphasis that what is required is a *de novo* determi-

---

**1.** The document recites that it is Mokone's "pro se plea," but it is signed by an attorney.

nation, not a *de novo* hearing. *United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980).

Because Mokone does not object specifically to any part of the Report but merely cites certain portions of it that deal with the issues he raised initially in his brief to the Magistrate, and restates in summary fashion the arguments in that brief, it should be sufficient to find, as I do, that the Report is without apparent error.

However, even construing the mere citation of the Report at various points in petitioner's brief as an objection to the portions cited, I find that Mokone's objections to the Report, if such they be, are without substance, as set forth below.

1. *Sufficiency of Evidence*

■ To the extent Mokone's reference to the Report may be construed as an objection to its finding that the evidence was sufficient to convict him, it is clear that the evidence was not merely sufficient but overwhelming, including the following:

(i) Ronnie Sello, Mokone's son, testified that about two months before the incident he obtained a bottle of sulfuric acid at Mokone's request from a New Jersey pharmacy, and the day of the incident Mokone asked him to bring a spare pair of trousers to a motel where Mokone changed into those trousers and told Sello to throw away the ones he had been wearing. (Tr. 350–52, 364–66)

(ii) The assailant who attacked Ms. Rogers escaped in a Mercedes Benz of the type and color that Mokone drove. (Tr. 873–75, 911, 916)

(iii) Shortly after the attack, when Sello noticed an apparent burn on Mokone's hand, Mokone told him to tell anyone who asked that Mokone had burned himself while cooking. (Tr. 381, 388–89)

(iv) The interior of Mokone's Mercedes Benz showed stains chemically analyzed as sulfuric acid, which stains were similar to those on the coat the victim wore when she was attacked. (Tr. 253, 922, 1632, 1637, 1641)

(v) Sello testified that Mokone had asked him to scrape the stains off the interior of the automobile. (Tr. 373–75)

(vi) Sello testified that Mokone boasted after the attack that he had arranged it. (Tr. 467–68)

(vii) The victim testified that Mokone called her six weeks after the attack to tell her that although she was "not dead yet" she soon would be, and then called back 20 minutes later to tell her that she had "overplayed your cards" by getting "Henry Thomas" involved; the name of one of the detectives investigating the acid attack was Thomas Henry. (Tr. 87, 89, 907, 910)

Applying a standard that mandates upholding a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Resto*, 824 F.2d 210, 212 (2d Cir.1987) (citation omitted) (emphasis in original), it is obvious the conviction must stand.

2. *Variance Between Indictment and Trial Judge's Charge*

Here Mokone's claim is in essence that the indictment as amplified by the People's bill of particulars accused him either as a principal or as the aider and abettor of his codefendant, Campbell, who was acquitted. Because the judge's charge to the jury permitted him to be convicted even if Campbell was acquitted, Mokone argues, it varied the indictment to permit Mokone's conviction as the accomplice of some unidentified assailant, in violation of his constitutional right to be tried on the accusation contained in the indictment. *Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960); *United States v. Alaimo*, 297 F.2d 604, 606–07 (3d Cir.1961), *cert. denied*, 369 U.S. 817, 82 S.Ct. 829, 7 L.Ed.2d 784 (1962).

First, it is doubtful that a variation in the names of co-conspirators between indict-

ment and jury charge would violate a criminal defendant's constitutional rights. *United States v. Howard*, 590 F.2d 564 (4th Cir.), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1547, 59 L.Ed.2d 795 (1979).

■ But further, there was no such variance here. The judge charged the jury merely that Mokone's guilt and Campbell's were independent (Tr. 4066–68), which, as Magistrate Francis found, is consistent with New York Penal Law § 20.05 and *Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), which upheld a federal statute permitting conviction of an aider and abettor notwithstanding acquittal of the principal.

### 3. *Legal Inconsistency Between Campbell's Acquittal and Mokone's Conviction*

To the extent Mokone asserts an inconsistency as a matter of law between his own conviction and Campbell's acquittal, this is merely a variation on his baseless attack on the jury charge. It is barred by *Standefer v. United States, supra.*

### 4. *Improper Use of Hypnotically Induced Testimony*

■ Mokone appears to complain that the trial judge permitted the victim to testify after she had been hypnotized in an attempt to enhance her ability to identify her attacker. Here Mokone is, if possible, even wider of the mark than elsewhere since the result of the hypnosis was that she identified Campbell, not Mokone, as her assailant. To the extent Mokone may be suggesting that she became a generally tractable witness for the prosecution as a result of hypnosis, he offers no record evidence to support that theory.

### 5. *Evidence of Other Crimes and Bad Acts*

There was received at trial evidence reflecting other crimes and bad acts by Mokone. However, each item of such evidence was received for a discrete and proper reason. Moreover, substantial evidence reflecting other criminal and improper behav-

ior by Mokone was excluded. In view of the trial judge's obvious awareness of the danger of undue prejudice to Mokone, and her exercise of informed discretion to avoid such prejudice, Mokone's objections to such evidence are insufficient.

At trial the prosecution sought to prove that the attack on Ms. Rogers was part of a single course of conduct on which Mokone embarked when he purchased sulfuric acid in August 1977: to maim with caustic substances three women who had caused him difficulty. One was Ms. Rogers, who had represented his wife in a divorce and custody battle; another was his former wife and Ms. Rogers' client, Joyce Maaga; the third was another former wife of Mokone, Caroline Rice, who terminated the marriage and their relationship when she discovered Mokone had not yet divorced his prior wife, Joyce Maaga. Thus the prosecution was permitted to show the purchase of the acid through Sello, its use on Ms. Rogers, Mokone's apparent attempt to use the remainder of it on Ms. Rice eight days later when he was arrested outside her house with a half-full bottle of sulfuric acid (Tr. 350–53, 771–72, 779, 781–82, 796–98, 1189), and Mokone's aborted plan to throw lye in the face of Joyce Maaga a short time later. (Tr. 431–61)

■ The admission of other crimes evidence cannot be held to have deprived a habeas corpus petitioner of due process if it is relevant and admissible for an appropriate purpose under state law and not simply offered to prove bad character and propensity to commit crimes. *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). This evidence was admissible under state law for the purpose offered, *People v. Allweiss*, 48 N.Y.2d 40, 47–49, 421 N.Y.S.2d 341, 344–45, 396 N.E.2d 735, 738–39 (1979), and cannot be said to have offended due process, particularly considering the limited nature of the evidence admitted. Thus, it appears that the trial court excluded evidence that Mokone actually had been trying to break into Ms. Rice's house when he was caught with the half-full bottle of

acid,[2] that he ultimately succeeded in his plan to throw lye into the face of Joyce Maaga (for which he was convicted), and that before his successful lye assault on Joyce Maaga he had loosened the lug nuts on the wheel of her car in an obvious attempt to injure her, albeit not through the use of a caustic substance. The trial court also excluded evidence concerning the reason for Mokone's termination from his position at Rutgers University (Tr. 1130–32) and sustained objections to the prosecutor's questions on direct examination about Mokone's misrepresentation of his academic credentials. (Tr. 1134–35) Defendant requested no limiting instructions and did not object to the court's jury charge in any fashion related to the evidence of other crimes.[3] Reviewing this record, I detect no error whatever, let alone one of constitutional dimension. *United States v. Bailleaux*, 685 F.2d 1105, 1110–12 (9th Cir.1982).

The other class of evidence to which Mokone has objected is evidence to which he failed to object at trial—questions impugning his academic credentials and disclosing his possession of credit cards in his son's name. (Tr. 2119–63, 2250–58) Absent a showing of good cause for failure to object and prejudice from the alleged constitutional violation, Mokone cannot avail himself of habeas corpus review of these alleged errors. *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977).

For the above reasons, the Report is adopted, the writ denied and the petition dismissed.[4]

---

**2.** That evidence came in only when Mokone's counsel elicited it on cross-examination (Tr. 789), hardly a basis for Mokone to object.

**3.** The only mention of such evidence in the court's jury charge was the instruction that proof of an illegal or immoral act by a witness could bear on that witness' credibility. (Tr. 4056).

**4.** While the case was *sub judice* before Magistrate Francis, Mokone apparently filed a document styled a summary judgment motion. Inasmuch as the case was decided on the papers submitted and on the trial record, I do not see what additional or different hearing or relief was sought in that motion. However, inasmuch as the writ has been denied and the petition dismissed, it should be apparent that the summary judgment motion is denied as well.