**William Simon KATZ, Plaintiff,**

v.

**Robert MOLIC, et al., Defendants.**

**No. 83 Civ. 2943 (WCC).**

United States District Court, S.D. New York.

Oct. 6, 1989.

As Amended Nov. 2, 1989.

---

William Simon Katz, Buffalo, N.Y., pro se.

Robert Abrams, Atty. Gen. State of New York, New York City, for defendants Molic, Strum, Abrams and Kurtz; Darren O'Connor, Asst. Atty. Gen., of counsel.

WILLIAM C. CONNER, District Judge:

## BACKGROUND

Plaintiff William Katz brought this action *pro se* under various civil rights statutes alleging that numerous defendants had acted in concert to deprive him of his constitutional rights. This Court has previously rendered two opinions in this case, the first directing plaintiff to supplement his complaint with a more specific factual basis for his suit, *Katz v. Molic, et al*, No. 83 Civ. 2943 (WCC), slip op. at 6, 1984 WL 1078 (S.D.N.Y. Oct. 19, 1984), and the second granting summary judgment to several defendants and denying a motion for dismissal of the complaint filed by defendant Robert Abrams, the Attorney General of the State of New York, and three of his assistants, defendants Irwin Strum, Robert Molic and Daniel Kurtz, *Katz v. Molic, et al*, No. 83 Civ. 2943 (WCC), slip op. at 4, 1986 WL 12521 (S.D.N.Y. Oct. 28, 1986). In the second Opinion and Order, all further pretrial proceedings were referred to Magistrate Nina Gershon. The state defendants then moved for summary judgment.

This action is presently before the Court on plaintiff's timely objection to the Report and Recommendation of Magistrate Gershon, dated June 7, 1989 ("the Report"), which dismissed the plaintiff's claim for failure to state a cause of action under 42 U.S.C. § 1983. Magistrate Gershon treated defendants' Rule 56 summary judgment motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim.

Plaintiff disputes the procedure by which Magistrate Gershon issued the Report. For the reasons below, plaintiff is directed to show cause why this Court should not

dismiss the case for failure to state a claim upon which relief may be granted.

## DISCUSSION

### I. Standard of Review

Magistrates are empowered by statute to preside over pretrial matters upon being appointed by a district judge. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Rule 72(b), Fed.R.Civ.P., instructs a district court judge to "make a *de novo* determination ... of any portion of the magistrates's disposition to which written objection has been made." *See also* 28 U.S.C. § 636(b)(1); *Mokone v. Kelly*, 680 F.Supp. 679 (S.D.N.Y.1988); *Nelson v. Smith*, 618 F.Supp. 1186 (S.D.N.Y.1985). After conducting its review, the court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The rule also permits the court to accept any portion of a magistrate's disposition to which no objection has been made as long as it is not "erroneous on the face of the record." Fed.R.Civ.P. 72, Notes of Advisory Committee on Rules (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974)).

A *de novo* determination does not require a second evidentiary hearing. Fed.R. Civ.P. 72, Notes of Advisory Committee on Rules (citing *United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980)). The judge's review may be based solely upon the record. Fed. R.Civ.P. 72(b). In making its determination, this Court has reviewed Magistrate Gershon's Report, plaintiff's objection to the Report and defendants' reply letter.

Plaintiff attacks the Magistrate's Report on several grounds. First, plaintiff alleges that this Court's referral in its second Opinion and Order of "all further pretrial proceedings in this matter" to Magistrate Gershon did not empower her to rule on dispositive motions but allowed her only to preside over discovery. Second, plaintiff contests the Magistrate's conversion of the summary judgment motion into a motion to dismiss the complaint for failure to state a claim, with or without notice to the parties. Third, plaintiff argues that the Magistrate lacked the authority to consider a Rule 12(b)(6) motion after the Court had disposed of two prior Rule 12(b)(6) motions. Fourth, plaintiff maintains that the Magistrate erred in denying plaintiff's request for further discovery needed to oppose defendants' summary judgment motion.

In his objection and appeal, plaintiff has not offered any specific substantive objection to the conclusions set forth in the Magistrate's Report.[1] Thus, the Court may accept the Magistrate's recommendation as long as it is not "erroneous on the face of the record." Fed.R.Civ.P. 72, Notes of Advisory Committee on Rules (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974)). Magistrate Gershon's Report and Recommendation applies the proper standard for deciding a motion to dismiss a *pro se* complaint for failure to state a claim. The Report carefully evaluates § 1983 case law as to what constitutes a "constitutional deprivation" and whether defendants are entitled to qualified immunity. Moreover, the Report accurately applied the facts of the case to the legal issues. Therefore, Magistrate Gershon's Report is not "clearly erroneous on its face." Nonetheless, plaintiff correctly notes a flaw in the procedure by which Magistrate Gershon issued her Report. Therefore, for the reasons stated hereinafter, the Court directs plaintiff to show cause why the Court should not dismiss the case pursuant to Rule 12(b)(6) for failure to state a claim.

### II. Conversion of Summary Judgment Motion into Motion to Dismiss the Complaint

Plaintiff protests the Magistrate's conversion of the Rule 56 summary judgment motion, Fed.R.Civ.P., into a Rule 12(b)(6)

---

1. Plaintiff's only substantive objection addresses the Magistrate's failure to deny the summary judgment motion, not her determination of the motion to dismiss.

motion to dismiss the complaint, Fed.R. Civ.P., with or without notice to the parties. This Court finds that such a conversion is proper with or without notice to the parties.

28 U.S.C. § 636(b)(1)(B) permits a judge to designate a magistrate to entertain a dispositive motion. That section does not restrict a magistrate's judicial discretion in issuing a recommendation. Once appointed, the magistrate acts as the court even though her recommendation is, upon objection, subject to *de novo* review by the judge. 28 U.S.C. § 636(b)(1). *See* Local Mag.R. 1 (S.D.N.Y.). Thus, the issue is whether a district judge may treat a summary judgment motion as a motion to dismiss the complaint.

The Second Circuit has recognized that, "[w]here appropriate, a trial judge may dismiss for failure to state a cause of action upon a motion for summary judgment." *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273 (2d Cir.1968). *See Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 250 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987) (although district court relied on affidavits in granting summary judgment, appellate court stated that it would have been "equally proper to dismiss the civil rights count for failure to state a claim"); *Sarter v. Mays*, 491 F.2d 675, 676, n. 1 (5th Cir.1974) (where unclear as to whether district court dismissed under Rule 12(b)(6) for failure to state a claim or under Rule 56 for summary judgment on the merits, appellate court presumed dismissal under Rule 12(b)(6) because no outside materials were considered). Clearly then, the Magistrate could dismiss for failure to state a claim upon defendants' motion for summary judgment.

In speculating as to the possible grounds used by district courts in dismissing cases, the circuit courts have not discussed whether notice to the parties is necessary. It is highly probable that in those cases, no objection to the change in form was raised. In the present case, however, plaintiff alleges that he was prejudiced by not having had notice that the summary judgment motion had been converted into a motion to dismiss. The Court disagrees.

It is ordinarily true that where a court will render a decision affecting the parties before it, the parties are entitled to notice and an opportunity to be heard. *Cf. Davis v. Bryan*, 810 F.2d 42, 45 (2d Cir.1987) (conversion of motion to dismiss into summary judgment motion requires notice to the parties); *Conway v. Village of Mt. Kisco*, 750 F.2d 205, 212 (2d Cir.1984) (addressing appellate briefs, Second Circuit stated, "[f]airness ... require[s] that [the parties] be afforded the opportunity to brief arguments in support of their respective positions."); *In re Franklin Nat'l Bank Sec. Litig.*, 574 F.2d 662, 665 (2d Cir.1978) ("It is difficult to imagine a principle of jurisprudence more fundamental than that requiring that no judgment be rendered against any person without giving that person notice of the claim made against him and an opportunity to be heard.").

However, a Rule 12(b)(6) motion to dismiss is unique. When a summary judgment motion is made solely on the pleadings, it is functionally the same as a motion to dismiss for failure to state a claim upon which relief can be granted. *See Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273 (2d Cir.1968); 6 Moore's Federal Practice ¶¶ 56.02[3], 56.11[1-1], 56.-11[2] (1988). In both situations the court does not look beyond the pleadings to extrinsic evidence in determining whether the case should be dismissed.

While Rule 12(b) explicitly requires notice to the parties when the court converts a Rule 12(b)(6) motion into a Rule 56 summary judgment motion, it is silent as to the reverse situation which is presented in this case. The notice requirement of Rule 12(b) enables parties to submit pertinent outside material for the court's consideration in determining the summary judgment motion. *See Davis v. Bryan*, 810 F.2d 42, 45 (2d Cir.1987). This rationale is inapplicable to the reverse situation where outside submissions are inappropriate.

The standard by which a court tests a motion to dismiss a *pro se* plain-

tiff's complaint is whether, taking the allegations of the complaint as true, *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), and reviewing them under a less stringent standard than formal pleadings drafted by counsel, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), it appears to a certainty that a plaintiff can prove no set of facts entitling him to relief, *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court decides as a threshold matter whether the complaint states an actionable claim. No further submissions or discovery will alter the court's determination. Therefore, that a summary judgment motion is being treated as a motion to dismiss for failure to state a claim does not require notice to the parties.

### III.   Referral of Summary Judgment Motion

■ 28 U.S.C. § 636(b)(1)(A) allows Magistrates to preside over pretrial matters upon being appointed by a district judge. In my second Opinion and Order, I referred this civil action to Magistrate Gershon, stating, "Magistrate Nina Gershon will supervise all further pretrial proceedings in this matter."

Plaintiff now alleges that this referral did not empower the Magistrate to rule on dispositive motions, but served only to allow her to preside over discovery. Plaintiff argues that Magistrate Gershon had no authority to decide defendants' summary judgment in the absence of an additional order from the Court, specifically authorizing her to consider dispositive motions.

Plaintiff is correct in maintaining that a general pretrial order does not suffice to enable a Magistrate to determine dispositive motions. Local Rule 13 states that, "any case referred to a magistrate by a district judge for general pretrial supervision shall confer on the magistrate the jurisdiction set forth in 28 U.S.C. § 636(b)(1)(A) unless specifically stated otherwise in the order of reference." Local Mag.R. 13 (S.D.N.Y.). Excepted from § 636(b)(1)(A) are dispositive motions, including, "a motion … for summary judg-

ment … [and] to dismiss for failure to state a claim upon which relief can be granted." Thus, a specific referral was required to authorize Magistrate Gershon's consideration of defendants' summary judgment motion.

■ As a technical matter, Magistrate Gershon should not have decided the dispositive motion without the Court's explicit authorization. Nevertheless, the Magistrate's disposition appears substantively correct. Therefore, plaintiff is ordered to show cause why the Court should not dismiss the case for failure to state a claim upon which relief may be granted. Plaintiff shall submit papers to the Court by October 27, 1989. Defendants' shall oppose by November 10, 1989 and plaintiff shall reply by November 24, 1989.

### CONCLUSION

For the reasons set forth above, plaintiff is directed to show cause why the Court should not dismiss the case for failure to state a claim upon which relief may be granted.

SO ORDERED.