Arlene BROWN, Plaintiff,

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 94 CV 4227.**

United States District Court, S.D. New York.

Jan. 25, 1996.

Arlene Brown, Tuckahoe, NY, pro se.

Linda A. Rifkin, Asst. U.S. Atty., Mary Jo White, U.S. Attorney, Southern District of New York, New York City, for Defendants.

## ORDER MODIFYING REPORT AND RECOMMENDATION

PARKER, District Judge.

By motion filed on January 17, 1996, the Secretary objects to the Report and Recommendation of December 27, 1995, of Magistrate Judge Mark D. Fox recommending that the Court remand the matter to the Secretary for further proceedings to include (1) the solicitation of physicians opinions; (2) an additional hearing to receive evidence concerning the "treating physician" status of the physicians who have treated Plaintiff; and (3) the rendering of another determination consistent with those principles.

The Secretary now objects to the Report and Recommendation, arguing that the Magistrate Judge applied an incorrect legal standard. The Secretary requests that the Court reject Magistrate Judge Fox's report and recommendation, contending that if the Magistrate Judge had applied the standard set forth in the "Standards for Consultive Examinations and Existing Medical Evidence," 56 Fed.Reg. 36,932 (1991) ("the 1991 Regulations"), that the ALJ's decision would have been supported by substantial evidence. Alternatively, the Secretary proposes that the Court modify the Report and Recommendation to conform to the 1991 Regulations.

### DISCUSSION

Magistrates are empowered by statute to preside over pre-trial matters upon being appointed by a district judge. 28 U.S.C. 636(b)(1)(A); Fed.R.Civ.P. 72(a). Fed. R.Civ.P. 72(b) instructs a district court judge to "make a de novo determination ... of any portion of the Magistrate's disposition to which the written objection was made." See also 28 U.S.C. § 636(b)(1); *Mokone v. Kelly,* 680 F.Supp. 679 (S.D.N.Y.1988); *Nelson v. Smith,* 618 F.Supp. 1186 (S.D.N.Y.1985). After conducting its review, the court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. 636(b)(1).

The rule also permits the court to accept any portion of the a Magistrate's disposition to which no objection has been made as long as it is not erroneous on the face of the record. Fed.R.Civ.P. 72, Notes of the Advisory Committee on Rules (citing *Campbell v. United States District Court,* 501 F.2d 196, 206 (9th Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974)). The judge's review may be based solely upon the record. Fed.R.Civ.P. 72(b). In making its determination, the Court has reviewed Magistrate Judge Fox's Report and the Secretary's objections to it.

The dispute in this case centers on whether Plaintiff Arlene Brown is entitled to any benefits for the period August 29, 1989 through January 10, 1992. Brown alleges that as a result of a fall on August 25, 1989, she was disabled as defined by 42 U.S.C. §§ 423(d)(1)(A), 1382 c(a)(3)(B). The Secretary, however, apparently relying on contemporaneous physician records from August 29, 1989 through January 10, 1992, rejected her claims. However, as Magistrate Judge Fox's detailed report indicates, on June 8, 1993, Dr. Anthony L. Brittis, who had examined plaintiff on prior occasions, concluded for the first time that her fall in 1989 was directly related to her symptoms in 1993. Moreover, on September 3, 1993, Dr. David Dickoff observed that plaintiff suffered a sciatic nerve lesion as a direct result of the fall on August

25, 1989. These reports suggest that Brown may be able to demonstrate disability after the fact by medical opinion. See *Rivera v. Sullivan,* 923 F.2d 964, 968–69 (2d Cir.1991).

As Magistrate Judge Fox's Report and Recommendation indicates, the ALJ's decision does not address the Dickoff and Brittis conclusions. Consequently, Magistrate Judge Fox recommended that the ALJ solicit their opinions, provide Brown with an additional hearing, and render another written opinion. We agree that the gap in the record with respect to opinions of Dickoff and Brittis warrants filling. See *Nutkins v. Shalala,* 1994 WL 714252 at *2 (N.D.N.Y.1994). However, we modify Judge Fox's decision with respect to the analysis of Brittis and Dickoff evidence. We agree with the Secretary that the Brittis and Dickoff evidence should not be governed by the treating physician rule set forth in *Schisler v. Bowen,* 851 F.2d 43 (2d Cir.1988) ("*Schisler II*") but rather by the treating physician rule as modified by the "Standards for Consultive Examinations and Existing Medical Evidence," 56 Fed.Reg. 36,932 (1991) ("the 1991 Regulations").[1] Because these regulations have been upheld by our Court of Appeals in *Schisler v. Sullivan,* 3 F.3d 563 (2d Cir.1993) ("*Schisler III*"), we direct the Secretary to receive evidence in conformity with them.

## CONCLUSION

For the reasons stated, the Court hereby remands this matter to the Secretary for further proceedings to include (1) the solicitation of physicians opinions; (2) an additional hearing as needed to receive evidence in conformity with the 1991 regulations; and (3) a written decision which addresses the above concerns.

**SO ORDERED.**

1. These regulations begin with the following general principle regarding the opinions of treating physicians.

> Treatment relationship. Generally, we give more weight to opinions from your treating sources.... If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply [various factors presented in the regulation] in determining the weight to give the opinion.

20 C.F.R. §§ 404.1527(d)(2).
The regulations then specify the following factors as relevant "in determining the weight to give the [treating physician's] opinion": (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion, i.e., "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight" that opinion is given; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; if it is, it will be accorded greater weight; and (v) other relevant but unspecified factors. *Schisler III,* 3 F.3d at 566.