■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SEAMAN, Appellant. [656 NYS2d 350] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered May 3, 1995, convicting him of assault in the first degree and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of assault in the second degree (two counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Carter*, 53 NY2d 113). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The inadvertent destruction of an audio tape of a "911" telephone call to the police did not warrant a sanction, because the defendant was not prejudiced thereby (see, People v Hannah, 234 AD2d 317). The defendant initially subpoenaed the wrong 911 tape (see, People v Diggs, 185 AD2d 990), but was provided with the "Sprint" report (see, People v Hannah, supra). The testimony indicated that the defendant, who did not testify at the trial, actually made the telephone call. The defendant's girlfriend, who testified for the prosecution, only injected herself into the telephone conversation to tell the police the correct address, which is not in dispute. The defendant's contention that the complainant could be overheard on the tape is pure speculation, since the uncontroverted testimony was that the complainant never spoke on the telephone, and crawled 15 feet out of the house while the telephone call was in progress. Accordingly, it cannot be said that the contents of the 911 tape constituted Rosario material relevant to the defense (see, People v Joseph, 86 NY2d 565, 569). Further, the fact that the defendant reported the incident to the police was admitted into evidence and was not disputed by the People. The fact that the defendant failed to confess his own complicity at that time would not have been admissible at the trial as an excited utterance, since, at the time he made the telephone call, he had sufficient time to contemplate the effect a direct admission would have on his own interests (see, People v Vasquez, 88 NY2d 561). Therefore, the 911 tape cannot constitute Brady material (Brady v Maryland, 373 US 83).

The defendant could not have committed assault in the first degree without also committing assault in the second degree (see, CPL 300.30 [4]; People v Grier, 37 NY2d 847, 848). Accordingly, the defendant's conviction of assault in the second degree (two counts) must be set aside and those counts dismissed as lesser-included offenses.

The defendant's remaining contentions are without merit. Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.