■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MARTIR, Appellant. [692 NYS2d 88] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered November 20, 1996, convicting him of assault in the first degree (two counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions for assault in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed. No questions of fact have been raised or considered.

The defendant's contention that improper comments made by the prosecutor during summation constituted reversible error is unpreserved for appellate review inasmuch as no objections to the prosecutor's comments were made during summation (*see*, CPL 470.05 [2]; *People v Goodman*, 190 AD2d 862; *People v Ray*, 155 AD2d 625). In any event, the defendant's argument is without merit, as the prosecutor's statements did not so prejudice the defendant as to warrant a new trial. Moreover, the trial court gave proper curative instructions to the

jury as to what constituted evidence and what constituted opinion and argument on the part of counsel.

However, as correctly conceded by the People, the two counts of assault in the second degree on which the defendant was convicted constituted concurrent inclusory counts of the two convictions of assault in the first degree (*see, People v Grier,* 37 NY2d 847; *People v Cantarero,* 248 AD2d 481; *People v Seaman,* 238 AD2d 449). Thus, the convictions of assault in the second degree must be vacated and those counts of the indictment dismissed.

The defendant's contention, raised in his supplemental *pro se* brief, that he did not receive the effective assistance of counsel is without merit (*see, People v Benevento,* 91 NY2d 708; *People v Flores,* 84 NY2d 184; *People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Wicker,* 229 AD2d 602). Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.