■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY PERALTA, Appellant. [708 NYS2d 369] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered March 18, 1997, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a term of 6 to 18 years, unanimously affirmed.

The court's independent source ruling was correct. We see no reason to disturb the court's credibility determinations as to the independent source issue, which are supported by the record. The witness's hearing testimony concerning her opportunities to observe defendant, and the detailed description she provided of him, provided clear and convincing evidence of an independent source for her in-court identification (see, People v Williams, 222 AD2d 149, lv denied 88 NY2d 1072).

Defendant was not prejudiced when the tape of a 911 call, in which the caller, an unidentified police officer, quotes an ambiguous, purportedly exculpatory statement by an unidentified witness, was inadvertently erased after having been requested by defendant and subpoenaed by the People. Defendant made effective use of the Sprint report of such call, which was provided to him before trial (see, People v Cortijo, 70 NY2d 868), and the court's adverse inference instruction was more than enough to prevent any possible prejudice (see, People v Morillo, 181 AD2d 532, lv denied 80 NY2d 835). There was no reasonable possibility that disclosure of the 911 tape would have led to the discovery of exculpatory evidence in admissible form or would have affected the outcome of the trial. Defendant's claim that the tape would have had more value than the Sprint report rests on speculation (see, People v Seaman, 238 AD2d 449, 450, lv denied 90 NY2d 863).

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.