OPINION OF THE COURT
Richard L. Buchter, J.
The defendant, Ricky Tran, moves, inter alia, pursuant to CPL 330.30 (1) for an order reducing the defendant’s conviction of assault in the first degree (Penal Law § 120.10 [2]). The issue presented herein is whether the evidence adduced at trial is legally sufficient to support the jury’s verdict in regard to that count.
*718 The pertinent facts of the case are as follows: in the early morning hours of July 5, 1999, the defendant, Ricky Tran, fired a number of shots at Alex Chan, striking him in his right arm, slightly above the elbow, leaving a flesh wound. Following the incident Mr. Chan was treated at St. John’s Hospital where the wound was cleaned, irrigated and dressed and the complainant was released with instructions to see his private physician in two. days.
At trial the complainant displayed his arm, revealing a small brown discoloration or scar above his elbow, adjacent to a larger scar, which the complainant testified was the result of an unrelated injury.
The jury found the defendant guilty of assault in the first degree (Penal Law § 120.10 [2]); criminal possession of a weapon in the second degree (Penal Law § 265.03); criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]); and assault in the second degree (Penal Law § 120.05 [2]).
Penal Law § 120.10 (2) provides as follows:
“A person is guilty of assault in the first degree when:
“2. With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of [the body of another, he or she] causes such injury to that person or to a third person.”
In order to satisfy the above statute, the People must prove, as essential elements, not only that the defendant seriously and permanently disfigured the complainant, or destroyed, amputated or disabled permanently a member or organ of the complainant’s body but also that the defendant did so with the specific intent to do so.
In deciding the question of the defendant’s intent, a jury may look to the nature of the act the defendant is accused of perpetrating (People v McDavis, 97 AD2d 302) as well as the injuries themselves. In this regard, evidence that the defendant fired a gun at the complainant standing alone might well support a jury finding of intent to cause death, or serious physical injury.
However, to sustain a conviction under Penal Law § 120.10 (2) it is not sufficient to adduce evidence that the defendant had such a nonspecific intent to cause death or an injury, serious or otherwise. The People are obligated to prove that the “disfigurement” or “destruction,” “amputation” or “disabling” of an organ or body member was what the defendant specifically intended to do, by his act or acts.
*719 Classic scenarios which would support a finding of an “intent to disfigure” are cases wherein the victim is maimed by acid in Mokone v Kelly (680 F Supp 679); a box cutter in People v Truesdale (186 AD2d 496); a razor in People v Wade (187 AD2d 687); or where the nature of the injuries themselves supports such an inference: i.e., serious permanent scarring and/or multiple facial cuts — People v Murphy (267 AD2d 255, lv denied 94 NY2d 951); multiple body cuts — People v Allen (165 AD2d 786, lv denied 76 NY2d 983); necessity of plastic surgery— People v Sloane (284 AD2d 256); People v Martinez (257 AD2d 667); viciousness of the attack — Matter of Sean T. (224 AD2d 341); and severity of scarring — People v Moloi (135 AD2d 576, lv denied 70 NY2d 1009). Intent may also be inferred from other evidence such as statements of the defendant.
Here, however, the Court finds that the mere firing of shots and grazing of the complainant’s arm leaving a small mark is insufficient evidence of the requisite intent from which the jury may infer that the defendant intended to “disfigure” or “destroy,” “amputate” or “disable” as contemplated by Penal Law § 120.10 (2).
In short, the Court finds the record in this trial to be bereft of evidence that would support a finding of the required intent to sustain a violation of assault in the first degree under Penal Law § 120.10 (2). Additionally, the Court finds that the record fails to establish proof sufficient to support a finding of the additional element of a serious and permanent disfigurement, as contemplated by the statute and that while the injury sustained in this case may be permanent it clearly does not constitute a serious disfigurement. Therefore, the conviction for assault in the first degree under Penal Law § 120.10 (2) must be vacated on both grounds.
Since the defendant was also convicted, inter alia, of assault in the second degree in violation of Penal Law § 120.05 (2), the Court need not reduce the conviction of assault in the first degree to assault in the third degree, which is an inclusory concurrent count of assault in the second degree (People v Martir, 262 AD2d 333; People v Wardell, 46 AD2d 856).
Accordingly, the Court vacates the defendant’s conviction of assault in the first degree under count II of the indictment and dismisses the count.
Based upon the foregoing, the defendant’s motion seeking to photograph the complainant’s injury is denied as moot.