THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE CAREW, Appellant. [768 NYS2d 658]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered September 28, 2001, convicting him of assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The testimony elicited upon the cross-examination of the defendant's alibi witnesses was probative of their bias and interest in the outcome of the case, and outweighed any possible prejudice or confusion which may have arisen from its admission into evidence (*see People v Brown,* 62 AD2d 715, 720 [1978], *affd* 48 NY2d 921 [1979]; *see also People v Glennon,* 175 NY 45, 52 [1903]; *People v Green,* 156 AD2d 465 [1989]; *People v Rahman,* 62 AD2d 968, 969 [1978], *affd* 46 NY2d 882 [1979]). Therefore, the trial court providently exercised its discretion in admitting the testimony (*see People v Duffy,* 36 NY2d 258, 262-263 [1975], *cert denied* 423 US 861 [1975]).

However, as correctly noted by the People, the count of assault in the second degree upon which the defendant was convicted constituted a concurrent inclusory count of the conviction of assault in the first degree (*see People v Grier,* 37 NY2d 847 [1975]; *People v Martir,* 262 AD2d 333, 334 [1999]). Accordingly, the conviction of assault in the second degree must be vacated, and that count of the indictment dismissed.

The defendant's remaining contention is unpreserved for appellate review (*see People v Stokes,* 132 AD2d 718, 719 [1987]). Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.