THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE MATTHEWS, Appellant. [871 NYS2d 326]—

Generally, a photographic display is suggestive when something about the defendant as depicted is likely to draw the viewer's attention to his or her photograph so as to indicate that the police regard the defendant as the perpetrator (*see*

*People v Ferguson*, 55 AD3d 926 [2008]; *People v Miller*, 33 AD3d 728, 728-729 [2006]). There is no suggestion here that the display shown to the complainant was suggestive. Moreover, although the participants in a lineup should all share the same general physical characteristics, there is no requirement that the defendant be surrounded by persons of nearly identical appearance (*see People v Kirby*, 34 AD3d 695 [2006]; *People v Green*, 14 AD3d 578 [2005]). Here, the photograph taken of the "double-blind" lineup viewed by the complainant depicts six males of the same race, relatively close in age, with facial hair and similar skin tones, each wearing a white baseball cap. No disparity in their heights is apparent as they are all seated. Their weights appear to vary, but not significantly. The lineup report, which lists each participant's age, height, and weight, bears out that they were of relatively similar appearance. Accordingly, inasmuch as the identification procedures were not such as to create a substantial likelihood that the defendant would be singled out for identification, that branch of his omnibus motion which was to suppress identification evidence was properly denied (*see People v Chipp*, 75 NY2d 327 [1990], *cert denied* 498 US 833 [1990]; *People v Solis*, 43 AD3d 1190 [2007]).

The defendant's contention that the evidence was legally insufficient to support his conviction for burglary in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Gray*, 86 NY2d 10, 20 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Moghaddam*, 56 AD3d 801 [2008]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Spolzino, J.P., Fisher, Miller and Carni, JJ., concur.