■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONEL CERDA, Appellant. [911 NYS2d 336]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered December 15, 2008, convicting defendant, after a jury trial, of predatory sexual assault against a child (two counts) and attempted disseminating indecent material to minors in the first degree, and sentencing him to an aggregate term of 10 years to life, unanimously affirmed.

Defendant was not deprived of his constitutional right to disclosure of exculpatory or impeaching evidence when, after an in camera examination of the victim's medical records, the court redacted a handwritten notation that read as follows: "In year 2000, report of sexual abuse by father unfounded." Defendant concedes that this notation only would have been a starting point for investigation, but argues that, had it been disclosed, it could have led to admissible evidence that the victim made, or caused the making of, a false sexual abuse claim about her father, and that this evidence might have cast doubt on the credibility of her allegations against defendant (*see generally People v Mandel*, 48 NY2d 952, 953 [1979], *cert denied* 446 US 949 [1980]). However, defendant's assertion that an investigation might have revealed evidence of exculpatory or impeachment value is entirely speculative. In any event, defendant has not shown any reasonable possibility that the outcome of the trial would have been different even if such an investigation had revealed that seven years before the incidents involving defendant, the victim, then four or five years old, falsely accused

her father of sexual abuse. Furthermore, there was overwhelming evidence of defendant's guilt, including his detailed written and videotaped confessions, for which he gave an implausible explanation at trial.

The indictment originally included counts charging the class B felonies of rape in the first degree (Penal Law § 130.35 [4]) and criminal sexual act in the first degree (Penal Law § 130.50 [4]). Since those charges were based on the theory that defendant was 18 years old or more while the victim was less than 13 years old, they had the identical elements as the class A-II felony of predatory sexual assault against a child (Penal Law § 130.96). The court did not submit the rape and criminal sexual act counts to the jury. On appeal, defendant argues that the prosecutor was required to choose between these sets of counts prior to trial, and that the presence of the additional counts suggested to the jury a higher level of culpability. Defendant also argues that there was a reasonable view of the evidence, under the theory discussed in *People v Discala* (45 NY2d 38, 43 [1978] [crimes with identical elements may differ as to "heinous quality," possibly presenting jury question]), that he was guilty of the class B sex crimes but not the class A-II felony, so that the former crimes should have been submitted as lesser included offenses. He alternatively argues that they should have been submitted as noninclusory concurrent counts. Since the arguments defendant makes on appeal are entirely different from those he made before and during the trial concerning the presence and submission of these sets of counts, he has not preserved any of his present claims and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Defendant has not shown that he was prejudiced by the timing of the court's dismissal of the rape and criminal sexual act counts, or that the court was obligated to submit them to the jury.

The challenged portions of the People's summation constituted permissible arguments for crediting the testimony of the People's witnesses and discrediting that of defendant (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]), and any errors were harmless in view of the overwhelming evidence. Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.