Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered November 24, 2008, convicting him of assault in the first degree, gang assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Latella, J.), of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Contrary to the defendant’s contention, the photographic identification procedure employed here was not unduly suggestive. “There is no requirement that the defendant be surrounded by individuals nearly identical to him in appearance during identification procedures” (People v Price, 256 AD2d 596, 597 [1998]; see People v Ragunauth, 24 AD3d 472, 472 [2005]). Here, the photographic array contained photographs of individuals whose appearance was such that there was little likelihood the defendant would be singled out for identification based on particular characteristics (see People v Greene, 87 AD3d 551, 551 [2011]; People v Avent, 29 AD3d 601, 601 [2006]; People v Ragunauth, 24 AD3d at 472-473). The other participants in the photo array were near the defendant in age and were similar to the defendant in skin tone, hair color, and build, and each had a small tattoo on the right side of his neck that was only partially visible in the photographs. While each of the participants had slightly different hair styles and tattoos, nothing about the defendant’s appearance was “likely to draw the viewer’s attention to his . . . photograph so as to indicate that the police regard[ed] the defendant as the perpetrator” (People v Matthews, 57 AD3d 1008, 1008 [2008]).
The defendant’s contention that the Supreme Court committed reversible error by denying his challenge for cause to one of the prospective jurors also is without merit (see generally CPL 270.20 [1] [b]; People v Williams, 63 NY2d 882 [1984]). “ ‘The determination as to whether a prospective juror can provide reasonable jury service in a given case is left largely to the discretion of the trial court, which can question and observe the *708 prospective juror during voir dire’ ” (People v Taylor, 76 AD3d 717, 718 [2010], quoting People v Davis, 221 AD2d 653, 654 [1995]). Viewing the prospective juror’s voir dire as a whole (see People v Blyden, 55 NY2d 73, 78 [1982]), her responses demonstrated that she did not possess a state of mind that would have precluded her from rendering an impartial verdict based on the evidence adduced at trial (see CPL 270.20 [1] [b]).
However, as the People correctly concede, the defendant’s conviction of assault in the second degree, and the sentence imposed thereon, must be vacated, and that count of the indictment dismissed, because that count is a lesser-included offense of the defendant’s conviction of assault in the first degree (see People v Martir, 262 AD2d 333, 334 [1999]; People v Seaman, 238 AD2d 449, 450 [1997]). Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.