People v Streeter (2018 NY Slip Op 07570)





People v Streeter


2018 NY Slip Op 07570


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1053 KA 16-01786

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JARVIS STREETER, ALSO KNOWN AS KITTY, DEFENDANT-APPELLANT. 






KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (WENDY EVANS LEHMANN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered July 21, 2016. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, endangering the welfare of a child, compelling prostitution (four counts), sex trafficking (four counts) and rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, predatory sexual assault against a child (Penal Law § 130.96), rape in the third degree (§ 130.25 [2]), and four counts each of compelling prostitution (§ 230.33) and sex trafficking (§ 230.34 [1]), defendant contends that the evidence is legally insufficient to support the conviction of each offense and that the verdict is against the weight of the evidence. Defendant's challenge to the sufficiency of the evidence is not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not specifically directed at the alleged errors asserted on appeal (see generally People v Gray, 86 NY2d 10, 19 [1995]).
In any event, we conclude that defendant's contention lacks merit. The testimony of the witnesses established each element of every offense submitted to the jury, and the witnesses' testimony "was not incredible as a matter of law inasmuch as it was not impossible of belief, i.e., it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Harris, 56 AD3d 1267, 1268 [4th Dept 2008], lv denied 11 NY3d 925 [2009]). We thus conclude that the evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant also contends that he is entitled to dismissal of the count of predatory sexual assault against a child (Penal Law § 130.96) because, before jury deliberations began, County Court dismissed the lesser included count of the indictment charging him with course of sexual conduct against a child in the first degree (§ 130.75; see People v Slishevsky, 97 AD3d 1148, 1151 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]), and the latter charge is a necessary element of the former. That contention is not preserved for our review inasmuch as "the arguments defendant makes on appeal are entirely different from those he made before and during the trial concerning the presence and submission of [those counts]" (People v Cerda, 78 AD3d 539, 540 [1st Dept 2010], lv denied 16 NY3d 829 [2011]). In any event, dismissal of a lesser included count is not the equivalent of an acquittal (see People v Wardell, 46 AD2d 856, 857 [1st Dept 1974]), and thus the pre-deliberation dismissal of the count of course of sexual conduct against a child in the first degree on the ground that it is a lesser included offense did not require dismissal of the greater offense (see generally Cerda, 78 AD3d at 540).
Although defendant further contends that he was denied a fair trial by prosecutorial misconduct, he failed to preserve that contention for our review "inasmuch as he did not object to any alleged instances" of misconduct (People v Black, 137 AD3d 1679, 1680 [4th Dept 2016], lv denied 27 NY3d 1128 [2016], reconsideration denied 28 NY3d 1026 [2016]). Regardless, " [a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (People v Pendergraph, 150 AD3d 1703, 1704 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]).
Finally, we reject defendant's contention that he was denied effective assistance of counsel. Defendant has "failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings" (People v Dickeson, 84 AD3d 1743, 1743 [4th Dept 2011], lv denied 19 NY3d 972 [2012]). Additionally, defendant failed to demonstrate that the motions, arguments and objections, "if made, would have been successful" and that defense counsel's failure to make those motions, arguments and objections deprived him of meaningful representation (People v Johnson, 118 AD3d 1502, 1502 [4th Dept 2014], lv denied 24 NY3d 1120 [2015]). Thus, viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court