People v Nunez (2021 NY Slip Op 50369(U))

[*1]

People v Nunez (Steven)

2021 NY Slip Op 50369(U) [71 Misc 3d 134(A)]

Decided on April 27, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 27, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570419/18

The People of the State of New York,
Respondent, 
against
Steven Nunez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered May 30, 2018, after a jury trial, convicting him
of obstructing governmental administration in the second degree, resisting arrest and harassment
in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered May 30, 2018, affirmed. 
The verdict was supported by legally sufficient evidence and was not against the weight of
the evidence. There is no basis for disturbing the jury's credibility determinations. The evidence
satisfied the "authorized arrest" element of resisting arrest (Penal Law § 205.30) and the
"official function" element of obstructing governmental administration in the second degree
(Penal Law § 195.05), since it established that police had probable cause to arrest defendant
for attempted third-degree assault or second-degree harassment (see People v Jensen, 86
NY2d 248, 253 [1995]; see also People v Sumter, 151 AD3d 556, 557 [2017]). While
police were arresting another individual outside 206 Audubon Avenue, defendant walked to
within an arm's length of the officer, began swearing and then swung his right arm at the officer's
face, a punch the officer was able to block before defendant ran through the crowd. Defendant
was properly convicted of resisting arrest notwithstanding that he was acquitted of attempted
assault and disorderly conduct (see People v Laltoo, 22 AD3d 230 [2005]; see also
Matter of Terrance B., 40 AD3d 1083 [2007], lv denied 9 NY3d 811 [2007]).
The court appropriately exercised its discretion in denying defendant's request for an adverse
inference concerning the People's failure to provide an audio version of the radio transmission
requesting backup. There was no bad faith or lack of diligence on the part of the People (see
People v Martinez, 71 NY2d 937, 940 [1988], and defendant was not prejudiced in that he
was furnished with the Sprint report of the call, which afforded him sufficient opportunity for
impeachment (see People v Bailey, 24 AD3d 106, 106 [2005], lv denied 6 NY3d
773 [2006]; People v Marengo, 276 AD2d 358, 359 [2000], lv denied 95 NY2d
936 [2000]). Defendant's claim that the actual recording would have had additional impeachment
value is entirely [*2]speculative (see People v Brown, 92
AD3d 455, 457 [2012], lv denied 18 NY3d 955 [2012]; People v Peralta, 271
AD2d 359, 359 [2000], lv denied 95 NY2d 837 [2000]). As noted by the lower court,
defendant suffered "the most minimal" prejudice given the officer's express testimony that he
never mentioned defendant's attempt to punch him during the radio transmission and defense
counsel questioned the officer at length about this omission during cross-examination. 
In any event, even assuming the trial court erred in declining to issue an adverse inference
instruction, the error was harmless beyond a reasonable doubt in view of the overwhelming
evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 241-242 [1975];
People v Suero, 159 AD3d 656, 656 [2018], lv denied 31 NY3d 1122
[2018]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 27, 2021