**Juan HEREDIA, Plaintiff,**

v.

**Joe DOE, the Sullivan County Jail Head of Maintenance, Daniel Hogue, Captain Smith, the Sullivan County Jail Administrator, L.T. Little, of the Sullivan County Correctional Staff, and Doctor John Doe, of the Sullivan County Jail Medical Department, Defendants.**

No. 05 CIV 5777 SCR GAY.

United States District Court,
S.D. New York.

Feb. 6, 2007.

Juan Heredia, Malone, NY, Pro se.

Michael Frey, Barryville, NY, for Defendant.

*ORDER ACCEPTING REPORT AND RECOMMENDATION*

ROBINSON, District Judge.

This case was referred to Magistrate Judge George A. Yanthis for issuance of a Report and Recommendation. *Pro se* Plaintiff Juan Heredia (the "Plaintiff") seeks damages under 42 U.S.C. § 1983 for injuries he claims to have sustained when he slipped and fell while incarcerated at the Sullivan County Jail, and the medical treatment he received after the incident. Defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Judge Yanthis's Report and Recommendation is affirmed. Defendants' motion to dismiss is GRANTED, and Plaintiff's Amended Complaint is DISMISSED.

## I. Facts

Plaintiff alleges in his Amended Complaint that on December 23, 2004, he slipped and fell while walking to his cell and in the process injured his back "to the point it swelled up and was in a lot of pain." According to the Amended Complaint, Plaintiff was told that he could not receive medical treatment for his injury until the following day. As a result of his slip and fall, Plaintiff claims to have suffered various injuries, including swelling of his back and nerve damage in his back.

## II. Standard of Review

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(*l*)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted); *see also Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y.1991) (court may accept report if it is "not facially erroneous"). Here, the Report and Recommendation was issued on July 10, 2006, and the parties were given ten days to submit objections to this Court. In late July, Plaintiff wrote to this Court and asked for counsel to be appointed for him and for an extension of time to submit objections to the Report and Recommendation. Though Plaintiff's application for appointment of counsel was denied, he was given until October 16, 2006 to submit any objections to the Report and Recommendation. Plaintiff, however, did not file any objections to the Report and Recommendation. Accordingly, Judge Yanthis's Report and Recommendation will be reviewed for clear error.

## III. Discussion

When considering a motion to dismiss under Rule 12(b)(6), a district court must accept as true all factual allegations in the complaint, and must not dismiss the case "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir.2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Even reading Plaintiff's Amended Complaint broadly, the pleadings fail to state facts which constitute anything more than a claim for negligence, for which there is no cause of action under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original). Further, Plaintiff's allegations do not establish a § 1983 claim based on deliberate indifference of jail officials. *See, e.g., Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (articulating the deliberate indifference standard for medical treatment). Accordingly, this Court finds there was no clear error in Judge Yanthis's Report and Recommendation, and the Report and Recommendation is therefore accepted.

## IV. Conclusion

Based on the foregoing, Judge Yanthis's well-reasoned Report and Recommendation is affirmed. Defendants' motion to dismiss is GRANTED, and Plaintiff's Amended Complaint is DISMISSED. The

Clerk of the Court is directed to close this case.

## REPORT AND RECOMMENDATION

YANTHIS, United States Magistrate Judge.

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Plaintiff Juan Heredia, appearing *pro se,* seeks damages for injuries he allegedly sustained when he slipped and fell on the Mod 8 day room floor in the Sullivan County Jail. Presently before this Court is defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, I respectfully recommend that defendants' motion be granted.

■ In evaluating a motion to dismiss, this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). In doing so, the Court "must view all allegations raised in the complaint in the light most favorable to the non-moving party ... and 'must accept as true all the factual allegations in the complaint.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir.1996) (quoting *Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)) (citations omitted). Further, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A court should not dismiss a *pro se* complaint "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

■ Plaintiff's Amended Complaint contains the following allegations:

On December 23, 2004 I was walking in Mod8 Day room floor when walking to my cell I slipped and fell hurting my back really bad injuring my back to the point it swelled up and was in a lot of pain.

One of the inmates called C.O. John Doe ... and told him I fell on my back C.O. called medical dept and told me nothing cant be done until tomorrow Inmated david that called the CO told him I really had back nothing done the other two John Doe inmates help me too.

...

On my injuries I've gotten 7 days keep locked X–Rays and long term back pain medication and doctor John Doe from Sullivan County Jail Medical dept telling me by back is swollan my nerves in my back is damage and it look likes from the x-ray I need surgery on my back but he wouldn't recamendite.

Clearly, plaintiff fails to allege facts which amount to anything more than negligence, which is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327 (1986). Even broadly construing plaintiff's allegations, he fails to allege facts sufficient to establish a § 1983 claim based upon deliberate indifference. *See Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994) (plaintiff must allege (1) a "sufficiently serious" deprivation of medical treatment, *i.e.* a deprivation reasonably likely to result in death, degeneration or extreme pain and (2) facts tending to show that defendants acted "with a sufficiently culpable state of mind," *i.e.* that defendants knew of and disregarded an excessive risk to plaintiff's health arising from the deprivation of medical treatment).

Accordingly, I conclude, and respectfully recommend, that defendants' motion to dismiss should be granted and plaintiff's complaint dismissed.

**The telephone conference with the undersigned scheduled for July 25, 2006 at 10:00 a.m. is cancelled.**

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed.R.Civ.P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. *See* Fed.R.Civ.P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. *See Small v. Secretary of H.H.S.,* 892 F.2d 15, 16 (2d Cir.1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

July 10, 2006.